## PLEASANTS ET AL. VS. SCOTT ET AL.

To declare a tax deed void because it does not show that every thing has been done that the law requires to be done by the assessor, county court, clerk and collector, would be a violation of the statutory regulations concerning the effect of tax deeds, and the principles of interpretation to be applied to them.

A tax deed showing that the sale was made on the first day and not upon the first Monday of November, does not show an actual violation of law.

The owner can acquire no title to lands, on his default of payment of the taxes, by his purchase of them at a tax sale. But the fact that lands are assessed to, and sold in the name of a particular person, does not preclude his purchase of them at tax sale, and acquiring title thereto, if he was under no legal obligation to pay the taxes, and they were not assessed to him with his consent.

A tax deed, regular but for the objection that the person to whom the land was assessed became the purchaser, ought to be received in evidence; when the opposite party may show that the purchaser occupied such a position as required him to pay the taxes.

A tax deed, irrespective of its irregularity or goodness, may be read in evidence by the defendant, coupled with proof of possession that would be sufficient under any statute of limitations to bar an action for the lands.

Instructions based on rejected testimony are properly refused.

### Writ of Error to Pulaski Circuit Court.

Hon. JOHN J. CLENDENNIN, Circuit Judge.

WATKINS & GALLAGHER, for the plaintiffs.

The action of the court in excluding the deeds offered by the defendants as evidence of title, and in connection with proof of possession as color of title, and to show the nature and extent of defendants possession of the land, was erroneous, as it was the right of the defendants to have them go to the jury for each and all of the purposes for which they were offered. *Wright vs. Mattison*, 18 *How. U. S. Rep.* 50; *Black. on Tax Titles*, 663, 664, 666; *Pillow vs. Roberts*, 7 *Eng.* 822; 7 *Hill* 448; 18 *J. R.* 335; 6 & 7 *Ohio Rep.* 307; 4 *Port. (Ind.) Rep.* 164.

FOWLER & STILLWELL, for defendants.

The deed from Lawson to Ringo was void upon its face, because it did not show that the several requisites of the statute had been complied with (4 *N. Hamp. Rep.* 375; 18 *How.* 138; 1 *Munf.* 430; 4 *Yerg.* 307; 15 *Ohio* 144;) nor that the sale was made on the first Monday in November. 13 *Ark.* 257; 4 *Yerg.* 603

Ringo could acquire no other title by the sale than he had before. 12 *Ill.* 444; 11 *Ib.* 332; *Wright's Ohio Rep.* 273; *Baldw. C. C. R.* 162.

HEMPSTEAD, for the plaintiffs.

It is immaterial in whose name land may be assessed and taxed.

It is on the principle that the person named as owner is bound to pay the taxes, that he can acquire no additional title

at a tax sale. One in possession of a tract of land at the date of the assessment may purchase at the sale, unless it appears that he was bound to pay the taxes. *Blackwell* 470; *Blakely vs. Bestor*, 13 *Ill.* 708.

The court, in order to get rid of the collector's deed, had to assume, 1st, that Ringo was the real owner of the lands; 2d, that he was bound to pay the taxes; 3d, that Barber purchased as his agent, or for his benefit, and therefore that it was equivalent to actual purchase at the tax sale by himself. Now, these were unwarranted by any facts or proof in the cause.

But supposing the deeds to have been so irregular as to be no evidence of title, still they were admissible, in connection with possession, as color of title, and if they were invalid and informal it would be no reason to exclude them. *Pillow vs. Roberts*, 13 *How. S. C. Rep.* 477. They were admissible, too, for the purpose of showing the *bona fides* of the possession; and to show the extent of the possession under the statute of limitations.

The court erred in refusing to give the defendants' instructions in reference to the statute of limitations. See *Gould's Dig.* 748; 17 *Ark.* 650; 1 *A. K. Marsh.* 40; 2 *Brock.* 437. The statute commences running from the date of the sale, not from possession taken. *Eng. Dig.* 696; 3 *Serg. & R.* 298; 9 *Barr* 71.

Mr. Justice FAIRCHILD, delivered the opinion of the court.

The writ of error in this case is directed against the same judgment as that in which the decision has been made at the present term in *Scott vs. Pleasants*, but the writ is sued out by the defendants below to reverse the judgment obtained by the plaintiffs below: the plaintiffs in error in this case, complaining that the east half of fractional section 12, and north-west fractional quarter of section 13, town 1 south, range 11 west, were recovered by the defendants in error on account of the erroneous exclusion of their evidence by the Circuit Court, which evidence, they allege, would have shown them to be entitled to the lands, or was permissible to explain their possession, its

character and extent, or to enable their possession, as held under a conveyance in writing, to ripen into an absolute right, though the conveyance in itself might be worthless and void.

· The defendants below, to resist the plaintiffs' recovery of the lands in the east half of section 12 and in section 13, offered to read in evidence a collector's deed, executed by James Lawson, jr., sheriff and collector of Pulaski county, made the 9th December, 1843, reciting a tax sale of the lands in question, made upon the 1st November, 1841.

The introduction of this deed was objected to by the plaintiffs below, and the objection was sustained, on the ground that the deed was fraudulent and void.

Wherein the deed was fraudulent, is not apparent upon its face, and has not been shown in this court by the defendants in error. Some objection there may be to the deed, as not containing sufficient recitals to show an exact compliance with the requirements of the revenue law in the condemnation and sale of the lands, but we are not prepared to hold, upon the showing made before us, that there are such defects in the deed as to require it to be treated as a fraudulent instrument, or as witnessing a fraudulent transaction.

And if a tax deed be declared void because it does not show that every thing has been done that the law directs to be done by the assessor, by the County Court, or its clerk, and by the collector, in the assessment, levy and collection of taxes, our statutory regulations, concerning the effect of tax deeds, and the principles of interpretation to be applied to them, would not only be disregarded, but positively violated.

The deed offered seems to fall within the description of a collector's deed admissible in evidence, as given in *Pillow vs. Roberts*, 7 *Eng*. 827. It was executed by a collector of the revenue, acknowledged and recorded, for land assessed and sold for taxes, and if it fail to show a compliance with legal requisites, as, for instance, showing that the sale was made upon the first day, and not upon the first Monday of November, it does

not, as the deed in *Hogan vs. Brashears*, 13 *Ark.* 251, did, show an actual violation of law.

The main objection to the deed seems to be, that the lands mentioned in it were assessed and sold as the property of Daniel Ringo, a person of the same name as the grantee of the tax deed, becoming so by an assignment of the certificate of the purchase from Luke E. Barber, purchaser at the sale.

Assuming the defaulting tax-payer and the grantee in the deed to be the same, as may be held upon the authority of *Mc-Namee vs. The United States*, 6 *Eng.* 150, and that the sale to Barber, and assignment of the certificate of purchase to Ringo, and his acceptance of the deed from the collector, must be held to be as if the sale was made directly to Ringo, *Voris vs. Thomas*, 12 *Ill. Rep.* 445, yet it would not follow that the deed was fraudulent; for, although Ringo could not acquire a title by his own default of payment of taxes, whether the sale was made to himself directly, or indirectly, as in this case, yet the lands may have been illegally, and without any agency of his own, taxed to him.

If he had been a former owner of the lands, a tenant of them with agreement that the landlord should pay the taxes, or if taxed to him without legal cause, or consent of Ringo, he was not precluded from buying the lands. And, generally, where the deed is regular, but for the objection under consideration, it should not be excluded.

The deed of Lawson to Ringo should have been allowed to go to the jury, and, when read, the plaintiffs below could show that Ringo occupied such a position as required him to pay the taxes, and not have the benefit of a title resting upon his own default. *Blackwell on Tax Titles*, 471; *Blakely vs. Bestor*, 13 *Ill. R.* 714.

It is also very clear that, irrespective of the regularity or goodness of the deed, the defendants below might read it in evidence, coupled with proof of possession that would be sufficient under any statute of limitations to bar an action for the

lands. *Pillow vs. Roberts,* 7 *Eng.* 829; *Elliott vs. Pearce,* 20 *Ark.* 516; *Cofer vs. Brooks, Ib.* 546.

The second, twelfth and thirteenth instructions of the defendants below, respecting the limitations of three and five years, were properly refused, as affecting the lands now in controversy, as the deed to Ringo being excluded, there was no evidence that the lands had been sold for taxes. The instructions were based on rejected, not on admitted, testimony.

The judgment is reversed, with instructions that the case in the Pulaski Circuit Court stand anew for trial as to the east half of fractional section 12, and north-west fractional quarter of section 13, township 1 south, 11 west.