## JACOBS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. November 15, 1924.)

### No. 6731.

**Criminal law** ⟨key⟩**814(3), 1186(4)—Refusal of instruction based on excluded evidence held not error, and, if error, harmless.**

In a prosecution for violation of White Slave Traffic Act, in which defendant contended that woman transported came to Colorado to teach school, refusal to instruct that high school diploma was unnecessary in order to teach under Colorado laws *held* not error, though district attorney by questions, to which objection was sustained, sought to prove absense of such diploma; and, in any event, in view of caution to jury, it was too technical for reversal, under Judicial Code, § 269, as amended by Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246).

In Error to the District Court of the United States for the District of Colorado.

Okey T. Jacobs was convicted of violation of the White Slave Traffic Act, and he brings error. Affirmed.

William T. Burris, of Pueblo, Colo., for plaintiff in error.

John A. McCann, Asst. U. S. Atty., of Denver, Colo. (George Stephan, U. S. Atty., of Denver, Colo., on the brief), for the United States.

Before LEWIS, Circuit Judge, and MUNGER and MILLER, District Judges.

MILLER, District Judge. Defendant was indicted under six counts for violation of the White Slave Traffic Act (Comp. St. §§ 8812–8819). The first and second counts were drawn under the second and third sections, relating to the transportation in interstate commerce of women over the age of 18 years. The third, fourth, fifth, and sixth counts were drawn under section four of the act, relating to such transportation of any woman or girl under the age of 18 years.

The third count charges the inducing of one Florence Storer, a girl under 18 years of age, to go in interstate commerce by common carrier from Columbus, Ohio, to Conejos county, Colo., for immoral purposes. The fourth count charges the defendant

with having caused said girl to be transported in interstate commerce by common carrier for immoral purposes. The fifth and sixth counts in slightly varying language charge the defendant with having persuaded, induced, enticed, and coerced Florence Storer to go in interstate commerce by common carrier from Ohio to Colorado for immoral purposes.

Defendant pleaded not guilty, and trial was had to a jury. The jury acquitted the defendant on the first and second counts and found him guilty under the third, fourth, fifth, and sixth. Neither the indictment, instructions, or rulings in the admission or exclusion of evidence are complained of.

Fourteen errors are assigned, but the ninth, tenth, eleventh, twelfth, and fourteenth are expressly abandoned. The thirteenth, on which defendant relies, complains of the court's refusal to give a certain instruction, No. 4, asked by the defendant. The first eight, in slightly different phraseology, challenge the sufficiency of the evidence to sustain the verdict.

There is then before us for consideration only two questions:

(1) Was the refusal to give instruction No. 4 reversible error?

(2) Does the evidence support the verdict?

The requested instruction reads: "The court further instructs the jury that under the laws of the state of Colorado as existing in August, 1922, it was not necessary for the victim to have had a high school diploma in order to have qualified as a teacher in the Antonito schools." It was based on the following questions asked by the district attorney of Florence Storer:

Direct examination: Q. Did you ever get a high school diploma at Peebles? (Objected to as irrelevant and immaterial.)

"District Attorney: Counsel stated that he brought her out here to teach school, and I want to show she was disqualified to teach.

"The Court: Objection overruled. (Question not answered.)

Redirect examination: "Q. Was your high school certificate ever properly indorsed? (Objection to that.)

"District Attorney: I want to show that she was not properly qualified to teach.

"Defendant's Counsel: I will call the court's attention to the fact that the law doesn't require a diploma from a high school.

"The Court: Objection sustained.

Defendant contends that while it is true the questions asked were never answered and his objection sustained the second time the question was asked, the very fact of asking the questions without doubt had the effect of leading the jury to believe that Florence Storer was not qualified to teach school in Colorado, when as a matter of fact the laws of Colorado did not require that a teacher have a high school diploma, and that such inference was prejudicial to the rights of the defendant, because one of the theories of the defense was that the sole purpose of Florence Storer in coming to Colorado was to teach school at Antonito. The questions were undoubtedly immaterial, because concededly the statutes of Colorado did not require a high school diploma to teach in the Antonito schools. The record shows, however, that when that fact was called to the court's attention by defendant's counsel, his objection was promptly sustained. By sustaining such objection on that specific ground made in the presence and hearing of the jury, the effect necessarily was to advise the jury of the immateriality of the question asked, and for that reason the refusal of the request, even if proper, would not constitute reversible error, but at most such technical error as contemplated by Judicial Code, § 269 (section 1246, Compiled Statutes), as amended by the Act of February 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246), which provides:

"On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties."

But we think the requested instruction was properly refused. It was based on excluded evidence. 14 R. C. L. 51; Pleasants v. Scott, 21 Ark. 370, 76 Am. Dec. 403; Jones v. Caldwell, 20 Idaho, 5, 116 P. 110, 48 L. R. A. (N. S.) 119.

This brings us to the second and last question involved, namely, the sufficiency of the evidence to sustain the verdict.

We have carefully examined the somewhat voluminous record and are entirely satisfied that the evidence fully warrants and sustains the verdict of the jury, and, being of that mind, a detailed discussion thereof in this opinion would serve no useful purpose.

The record discloses no prejudicial error. The case is affirmed.