## TOBIAS v. UNITED STATES.*

(Circuit Court of Appeals, Ninth Circuit. November 24, 1924.)

No. 4325.

**1. Prostitution ⚖4—Evidence held to sustain conviction for violation of White Slave Traffic Act.**

Evidence *held* sufficient to show that accused transported woman in interstate commerce for purposes of prostitution, and sustained conviction therefor.

**2. Criminal law ⚖1169(3)—Evidence of accused's relations with another woman, though too remote to impeach his credibility, held harmless, where evidence clearly proved his violation of White Slave Traffic Act.**

In prosecution for violation of White Slave Traffic Act (Comp. St. §§ 8812–8819), evidence that accused had common-law wife and that he was father of her 11 year old child, though too remote to impeach his credibility, was not prejudicial, where accused's own testimony and admissions clearly established his guilt.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Glenn C. Tobias was convicted of violating the White Slave Traffic Act, and he brings error. Affirmed.

Alexander Sweek and Milton W. Smith, both of Portland, Or., and Ellis & Ellis, of Oakland, Cal., for plaintiff in error.

John S. Coke, U. S. Atty., and J. O. Stearns, Jr., Asst. U. S. Atty., both of Portland, Or.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. This is a writ of error to review a judgment of conviction for violation of the White Slave Traffic Act (Comp. St. §§ 8812–8819). Tobias was convicted under three counts—(1) charging that he brought a certain named woman from Tulsa, Okl., to Portland, Or., for purposes of prostitution and debauchery; (2) that he procured and obtained, or caused to be procured and obtained, railroad tickets for transporting the same woman from Tulsa, Okl., to Portland, Or., for purposes of prostitution and debauchery; (3) that he persuaded, induced, and coerced the same woman to go from Tulsa, Okl., to Portland, Or., to engage in prostitution and debauchery and for other immoral purposes.

[1] The argument that the evidence does not sustain the verdict is devoid of merit. The testimony was that in April, 1923, Tobias and the woman, who was 24 years old and in his employ, left Kansas City, Mo.,

for Oregon; that he furnished the money for the tickets and expenses; that at Kansas City he registered the couple as man and wife; that while en route to Oregon illicit relations existed between them; that between Sacramento, Cal., and Portland, Or., they occupied a drawing room on the sleeping car and that after reaching Portland they had illicit relations.

Tobias testified in his own behalf that he was married; that he gave the girl the money to buy the tickets for their transportation and for expenses; that at Kansas City he registered himself and the woman named in the indictment as man and wife, but that he did so for the purpose of protecting another woman with whom he had had an "affair"; that he never spoke of marriage to the girl as she knew he had a wife. He admitted that he and the woman named in the indictment occupied the drawing room in the car between Sacramento, Cal., and Portland, Or., but said that at no time had there been illicit relations between the two. He also testified that, when he and the woman were in Los Angeles, he called upon his former wife, who was living near there.

[2] On cross-examination defendant was asked if, at the time he married his present wife, he did not have a common-law wife in New York. Defendant answered he did not, whereupon he was asked concerning a Mrs. Tobias living at Buffalo, and whether he was not the father of her 11 year old child. Several questions along these lines were allowed over the objections of defendant, and error is assigned to the rulings of the court. The theory of the prosecution was that the evidence was competent as affecting the credibility of the defendant, who contradicted the testimony of the prosecuting witness that defendant said he wanted to marry her and would get a divorce from his wife.

While we think that the inquiry into the relationships of many years before was wholly collateral and the time too remote to bear upon the credibility of the witness, nevertheless the admission of the evidence could not have affected the result, for the testimony of the defendant himself, including the admissions he made of the circumstances connected with the journey of himself and the girl into Oregon, so clearly established guilt that it would be little short of absurd to hold that the irrelevant and incompetent evidence operated to his prejudice.

The judgment is affirmed.

*Certiorari denied 45 S. Ct. 229, 69 L. Ed. ——.