### ROARK v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. January 31, 1927.)

No. 7436.

**I. Criminal law ⟜29—Distinct violations growing out of same transaction are separate offenses.**

Distinct violations of law, growing out of the same transaction, constitute separate offenses.

**2. Criminal law ⟜29—Transporting woman for immoral purpose, or inducing such transportation, in either case is single offense (White Slave Traffic Act, §§ 2, 3 [Comp. St. §§ 8813, 8814]).**

White Slave Traffic Act, § 2 (Comp. St. § 8813), makes it a crime to knowingly transport or cause to be transported in interstate commerce a woman for the purpose of prostitution or debauchery, or other immoral purpose, while section 3 (Comp. St. § 8814) makes it a crime to knowingly persuade or induce a woman to be so transported. Held, that the transportation for a prohibited purpose in one case, or inducing the transportation for such purpose in the other, constitutes the crime, and that in either case the offense is single, whether or not a defendant had in mind one or more than one of the purposes enumerated.

**3. Criminal law ⟜29—Transporting woman and inducing her to be transported for immoral purpose, though single transaction, constitutes separate offenses (White Slave Traffic Act, §§ 2, 3 [Comp. St. §§ 8813, 8814]).**

White Slave Traffic Act, §§ 2, 3 (Comp. St. §§ 8813, 8814), makes it one offense to transport a woman in interstate commerce for immoral purposes, and another offense to induce the woman to go, and one person may be guilty of both offenses, though they arise out of the same transaction.

Kenyon, Circuit Judge, dissenting.

In Error to the District Court of the United States for the District of Colorado.

Criminal prosecution by the United States against Ammon Frank Roark. Judgment of conviction, and defendant brings error. Affirmed in part, and reversed in part.

Ammon Frank Roark, in pro. per.

Roy H. Blackman, Asst. U. S. Atty., of Denver, Colo. (George Stephan, U. S. Atty., of Denver, Colo., on the brief), for the United States.

Before KENYON, Circuit Judge, and SCOTT and JOHN B. SANBORN, District Judges.

JOHN B. SANBORN, District Judge. The plaintiff in error, defendant in the court below, challenges the legality of the sentences pronounced against him upon his plea of guilty to an indictment charging him with four violations of the White Slave Traffic Act (June 25, 1910, c. 395, 36 Stat. 825 [Comp. St. §§ 8812–8819]). He was charged, under the first count, with having, on November 20, 1925, caused a woman to be transported in interstate commerce by common carrier from El Paso, Tex., to Denver, Colo., with intent to induce her to engage in illicit intercourse with him; under the second count, with having on the same day persuaded and induced the same woman to go in interstate commerce to Denver to engage in illicit intercourse with him; under the third count, with having on the same day caused the same woman to go in interstate commerce to Denver with the intent of inducing her to engage in prostitution; and, under the fourth count, with having on the same day persuaded and induced her to go in interstate commerce to Denver, with intent to induce her to engage in prostitution.

The defendant was sentenced to five years' imprisonment and to pay a fine of $1,000 under the first count; to five years' imprisonment under the second count, to run concurrently with the sentence under the first; to five years' imprisonment and to pay a fine of $1,000 under the third count; and to five years' imprisonment under the fourth count, to run concurrently with the sentence under the third count. In other words, he was given a five-year sentence and a $1,000 fine under the first two counts, and a five-year sentence and a similar fine under the last two counts—a ten-year sentence of imprisonment all together and fines aggregating $2,000. His contention is that all four counts of the indictment charged but one offense, and that the maximum sentence of imprisonment was five years.

From the indictment it appears that each count relates to the same day, the same place, the same transportation in interstate commerce, and the same woman. The question presented, then, is whether one crime is variously charged under four separate counts, or whether distinct crimes are charged. Section 2 of the act (Comp. St. § 8813) makes any person who knowingly transports or causes to be transported in interstate commerce any woman or girl for the purposes of prostitution or debauchery or any other immoral purpose guilty of a crime. Section 3 (Comp. St. § 8814) makes any person who knowingly persuades or assists in persuading any woman or girl to go in interstate commerce for like immoral purposes guilty of a crime.

That the transportation of the same woman has been frequently charged in an indictment under various counts, as in this case, is evident. In Hays v. United States (C. C. A.) 231 F. 106, and 242 U. S. 470, 37 S. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168, the defendant was charged with inducing a woman to go in interstate commerce and procuring transportation for her, and, under a second count, with having induced her to go in such commerce. He was convicted on both counts. In Diggs v. United States, 37 S. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168, covered by the same opinion, the defendant was indicted under separate counts for transporting the woman and having procured a ticket for her. In Johnson v. United States (C. C. A.) 215 F. 679, L. R. A. 1915A, 862, the defendant was charged, under one group of counts, with having procured the transportation of a girl from Pittsburgh to Chicago for the purpose of illicit intercourse. In another group, the purpose laid was prostitution. The case was reversed, for resentence on the first group and a new trial on the second group.

In Suslak v. United States (C. C. A.) 213 F. 913, there were twelve separate counts all growing out of the same transportation. The first charged prostitution as the purpose; the second, unlawful cohabitation; the third, debauchery; the fourth, an intent to induce the woman to become a prostitute; the fifth, an intent to induce her to give herself up to debauchery. In the sixth, seventh, and eighth, the charge is that the defendant procured the railroad ticket, the intent being prostitution, debauchery, or to induce her to give herself up to debauchery. In counts 9 and 10, the charge was of persuading her to be transported for prostitution (ninth) and debauchery (tenth), and the eleventh and twelfth were in substance the same. The defendant was con-

victed upon all counts, and as to all except the second the conviction was sustained.

In Tobias v. United States (C. C. A.) 2 F.(2d) 361, the defendant was convicted on three counts for the same transaction: (1) The transportation of the woman; (2) the procuring of the ticket; and (3) for persuading and inducing her to go. In Jacobs v. United States, 2 F.(2d) 693 (C. C. A. 8th), the indictment was based on one transportation. There were six counts—the first two under the first and second sections of the act; the last four under the fourth section. In Athanasaw v. United States, 227 U. S. 326, on page 328, 33 S. Ct. 285, 286 (57 L. Ed. 528, Ann. Cas. 1913E, 911), the court said: "*A crime* is variously charged against sections 2 and 3 of the act in 39 counts, alleging that the transportation was 'for the purpose of debauchery' or 'to give herself up to debauchery.'"

[1] There is no doubt that distinct violations of law growing out of the same transaction constitute distinct offenses. Ebeling v. Morgan, 237 U. S. 625, 35 S. Ct. 710, 59 L. Ed. 1151; Morgan v. Devine, 237 U. S. 632, 35 S. Ct. 712, 59 L. Ed. 1153; Burton v. United States, 202 U. S. 344, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 392; Gavieres v. United States, 220 U. S. 338, 31 S. Ct. 421, 55 L. Ed. 489; Braden v. United States (C. C. A.) 270 F. 441; Albrecht, Sr., et al., Plaintiffs in Error, v. United States of America, 47 S. Ct. 250, 71 L. Ed. ——, filed January 3, 1927. In Morgan v. Devine, supra, it was held that one who broke into a post office and also committed larceny therein was guilty of separate offenses under sections 190 and 192 of the Penal Code (Comp. St. §§ 10360, 10362).

In Burton v. United States, supra, the defendant was charged, in separate counts, with receiving compensation in violation of the law, and also with agreeing to receive compensation in violation of the same law. The contention was that the defendant could not legally be indicted for two separate offenses, one agreeing to receive compensation, and the other receiving such compensation. The Supreme Court said, on page 377 (26 S. Ct. 697):

"There might be an agreement to receive compensation for services to be rendered without any compensation ever being in fact made, and yet that agreement would be covered by the statute as an offense, or, compensation might be received for the forbidden services without any previous agreement, and yet the statute would be violated. In this case, the subject-matter of the sixth count,

which charged an agreement to receive $2,-500, was more extensive than that charged in the seventh count, which alleged the receipt of $500. But Congress intended to place its condemnation upon each distinct, separate part of every transaction coming within the mischiefs intended to be reached and remedied. Therefore an agreement to receive compensation was made an offense. So the receiving of compensation in violation of the statute, whether pursuant to a previous agreement or not, was made another and separate offense. There is, in our judgment, no escape from this interpretation consistently with the established rule that the intention of the Legislature must govern in the interpretation of a statute. 'It is the Legislature, not the court, which is to define a crime, and ordain its punishment.' United States v. Wiltberger, 5 Wheat. 76, 95 [5 L. Ed. 37]; Hackfeld & Co. v. United States, 197 U. S. 442, 450 [25 S. Ct. 456, 49 L. Ed. 826]."

In Albrecht, Sr., et al. v. United States, supra, Mr. Justice Brandeis said, in delivering the opinion of the court: "There is nothing in the Constitution which prevents Congress from punishing separately each step leading to the consummation of a transaction which it has power to prohibit and punishing also the completed transaction. The precise question does not appear to have been discussed in either this or a lower federal court in connection with the National Prohibition Act; but the general principle is well established. Compare Burton v. United States, 202 U. S. 344, 377, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 392; Gavieres v. United States, 220 U. S. 338, 31 S. Ct. 421, 55 L. Ed. 489; Morgan v. Devine, 237 U. S. 632, 35 S. Ct. 712, 59 L. Ed. 1153."

It has been settled by the Supreme Court that "the test of identity of offenses is whether the same evidence is required to sustain them; if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by the statutes," and that "the test is not whether the criminal intent is one and the same and inspiring the whole transaction, but whether separate acts have been committed with the requisite criminal intent and are such as are made punishable by the act of Congress." Morgan v. Devine, supra.

[2] It becomes necessary, then, to determine whether the several counts in this case charge separate offenses defined by statute, and whether, if so, the same evidence is required to sustain them. "What the act condemns is transportation obtained or aided or transpor-

tation induced in interstate commerce for the immoral purposes mentioned." Hoke v. United States, 227 U. S. 308, 320, 33 S. Ct. 281, 283 (57 L. Ed. 523, 43 L. R. A. [N. S.] 906, Ann. Cas. 1913E, 905).

The act makes it a crime for any person to transport or aid or induce the transportation in interstate commerce of any woman or girl for the purpose of prostitution or debauchery or any other immoral purpose. It is one theory of this indictment that, if the person has but one immoral purpose, he is guilty of one crime, and is guilty of as many crimes as he may have immoral purposes. We do not think that the act is susceptible of that interpretation. A violation of either section is a violation, whether the transportation was for one of the purposes named or all of them. It is the obtaining or inducing the transportation for one or more of the immoral purposes which is condemned, and not the having in mind of such immoral purpose or immoral purposes at the time the transportation is obtained or induced. A case somewhat in point in principle is Braden v. United States, supra.

It was pointed out in Huffman v. United States (C. C. A.) 259 F. 35, that it is sometimes proper to plead the same transaction in several counts, in order to avoid, at the trial, an acquittal by reason of any unforeseen lack of harmony between the allegations and the proofs. We are therefore of the opinion that the offenses pleaded in the first two counts of this indictment, charging illicit intercourse as the purpose, and those pleaded in the last two counts, charging prostitution as the purpose, it appearing that these purposes were held by the same person at the same time, are identical.

[3] The question as to whether a person who causes to be transported in interstate commerce a woman for immoral purposes, and who at the same time induces the woman to go in interstate commerce, is guilty of one crime or two crimes, is a much more difficult question. It was apparently the opinion of this court in Huffman v. United States, supra, that, under such circumstances, there was but the one crime. In that case, under the first count, the defendant was charged with causing the transportation on April 11, 1917; in the second count, with causing the transportation two days later; in the third count, with inducing the woman to go in interstate commerce from East Palentine, Ohio, to Denver, Colo.; and in the fourth count, with inducing her to go in interstate commerce from St. Louis to Denver. The jury found the defend-

ant not guilty on the three last counts, and guilty on the first.

It was claimed that the verdict of not guilty on the second, third and fourth counts was inconsistent with the verdict of guilty on the first, and that the judgments of acquittal upon the third and fourth counts required a judgment of acquittal on the first. In the majority opinion, this court said: "The purpose of pleading the same transaction in several counts as to the manner or means of its commission is to avoid at the trial an acquittal by reason of any unforeseen lack of harmony between the allegations and the proofs" —citing Dealy v. United States, 152 U. S. 542, 14 S. Ct. 680, 38 L. Ed, 545. It was held, for that reason, that the contention of the defendant could not be sustained. Judge Walter H. Sanborn dissented. In his dissenting opinion, he points out that, under the first count, charging that the defendant caused the girl to be transported, evidence that he caused her to go and to be transported by his persuasion, inducement, enticement, and coercion was legally competent, so that the first count, on which he was convicted, and the third count, on which he was acquitted, were for the same crime.

As we read the opinion, both the majority and minority of the court were agreed that there was but the single offense; the majority being of the opinion that, as long as it was permissible to plead it in several counts, the acquittal as to one count was not an acquittal as to another, while the minority opinion was to the contrary. However, in view of the cases of Burton v. United States, supra, Gavieres v. United States, supra, Morgan v. Devine, supra, and Albrecht, Sr., et al. v. United States, supra, and the statement in Hoke v. United States, supra, that the act condemns transportation obtained or aided or transportation induced in interstate commerce, and in view of the fact that the act, in the second section, makes it one offense to transport or cause to be transported a woman for immoral purposes in interstate commerce, and in the third section makes it another offense to induce the woman to go in interstate commerce, we believe that one person may be guilty of both offenses although they arise out of the same transaction. It would not require the same evidence to prove that a person knowingly transported or caused to be transported a woman in interstate commerce, and to prove that he induced the woman to go in such commerce. The acts may be separate and distinct.

We hold, therefore, that the sentence im-

posed for the offenses charged under the first and second counts must be sustained, and those imposed under the third and fourth counts reversed. It is so ordered.

KENYON, Circuit Judge (dissenting). I am unable to escape the conclusion that the four counts of the indictment in this case charge but one offense, viz., the transportation of a woman in interstate commerce for the purposes of prostitution and debauchery, and that defendant should have been subjected to but one punishment.