**UNITED STATES v. SALEDONIS.**
No. 6.

Circuit Court of Appeals, Second Circuit.
Dec. 7, 1937.

Thomas R. Fitzsimmons and Edwin G. Hayes, both of New Haven, Conn., for appellant.

Robert F. Butler, U. S. Atty., of Hartford, Conn.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

Appellant was charged, in seven counts, with offenses under the Mann Act §§ 2 and 3 (18 U.S.C.A. 398, 399). He was convicted on the first and second counts involving transportation (section 398, 18 U. S.C.A.) and counts 3, 4, and 5, charging inducement to go on a common carrier in interstate commerce (§ 399, 18 U.S.C.A.); the sixth and seventh counts were dismissed. The appellant appeals only from the conviction on the third, fourth, and fifth counts. The testimony was not taken stenographically, and the record on appeal does not contain the evidence adduced at the trial.

Errors are assigned to the charge and to the refusal of the court to grant a new trial on the ground that the verdict was contrary to the law and the evidence. Appellant argues that not only must there be some inducement by reason of which the woman or girl travels in interstate commerce for immoral purposes, but that, in order that the accused shall be guilty of a violation of the act, he shall in some measure directly contribute to the transportation of the woman or girl by a common carrier. Further, that the court erroneously charged that "it was only necessary for the government to prove that mere probability that the mode of transportation was that of a common carrier, was sufficient."

Section 2 of the act (18 U.S.C.A. § 398) provides punishment for any one who knowingly transports, or causes to be transported, or aids or assists in obtaining transportation for, or in transporting in interstate commerce, any woman or girl for immoral purposes, or who knowingly obtains or causes to be procured or obtained, or aids or assists in procuring or obtaining, any ticket or tickets, or any form of transportation or evidence of a right thereto, for the movement in interstate commerce of a woman or girl for the immoral purposes referred to in the statute. Transportation referred to in section 2 (18 U.S.C.A. § 398) may be either by public or private carrier as long as it involves crossing state lines. But section 3 (18 U.S.C.A. § 399) makes the offense the offering of an inducement by one who shall "thereby knowingly cause" such woman to go on a common carrier, in interstate commerce. Thus there are two distinct crimes set forth in the statute. The act condemns transportation obtained or aided or transportation induced in interstate commerce for immoral purposes. Hoke v. United States, 227 U.S. 308, 320, 33 S.Ct. 281, 57 L.Ed. 523, 43 L.R.A.(N.S.) 906, Ann.Cas.1913E, 905. Section 2 (18 U.S.C.A. § 398) makes it a felony to obtain or aid transportation for immoral purposes. Section 3 (18 U.S.C.A. § 399) makes it a separate offense to induce a woman to go in interstate commerce on a common carrier for immoral purposes.

One person may be guilty of both offenses although they may arise out of the same transaction. It would not require the same evidence to establish that one know-

ingly transported a woman, or caused her to be transported, and to prove that he induced the same woman to go in such commerce. The acts are separate and distinct. Roark v. United States, 17 F.2d 570, 51 A. L.R. 870. The contention that there can be no conviction under section 3 (18 U.S.C.A. § 399) unless it is shown further that the accused "in some manner directly contribute to the transportation of the girl by common carrier" is unsound.

 It is also suggested that there must be some direct act showing an intent on the part of the inducer that the transportation shall be by common carrier. This section does not say so, but plainly says that one who induces and who shall "thereby knowingly cause" interstate commerce by common carrier is guilty of the offense if such transportation follows: An affirmative directive act is not involved. The inducement in and of itself, without consideration of intent and with no further direct act, is the moving cause of what follows. The inducement may be any offer sufficient to cause the woman to respond. The inducement sets in motion the successive acts that constitute the crime. It is unnecessary to show control of the medium of transportation by the inducer. It is sufficient if the accused knows or should have known that interstate transportation by common carrier would reasonably result and if it does.

██ It is said there was error in charging that "the court in violation of the law charged the jury * * * that it was only necessary for the Government to prove that mere probability that the mode of transportation was that of a common carrier was sufficient."

The court's charge was: "I have told you what a common carrier is * * * It is not necessary that the fact be proved by direct evidence. It is sufficient if the Government prove beyond a reasonable doubt facts which, if believed by you, reasonably establish the conclusion that this particular bus company held itself out to the public as an organization carrying and serving all who apply for its services."

The court clearly called the jury's attention to the evidence as stated by him which bore upon this subject of transportation and left it for the jury to determine whether, after taking into account all the evidence, the appellee had proved that the bus company furnished the transportation and that it was a common carrier; and stated, that, if they found that the government had proved these elements beyond a reasonable doubt, they could find the appellant guilty on the third count. This charge was correct.

Judgment affirmed.