### UNITED STATES v. BARTON.
### No. 194.

Circuit Court of Appeals, Second Circuit.
March 25, 1943.

Herman L. Falk, of New York City, for appellant.

Thomas F. Murphy, of New York City, for appellee.

Before L. HAND, AUGUSTUS N. HAND and FRANK, Circuit Judges.

PER CURIAM.

The appellant was convicted upon five counts under §§ 398 and 399 of Title 18 U.S.C.A. The indictment was in six counts, but the second was dismissed at the opening of the trial upon the government's motion. The first, third, fourth and fifth counts were for assisting in obtaining transportation in interstate commerce for four separate girls for purposes of prostitution, under § 398 of Title 18 U.S.C.A. The sixth was for inducing the fourth of the four girls to go from one place to another in interstate commerce for the purposes of prostitution (§ 399 of Title 18 U.S.C.A.). The jury brought in a verdict of guilty upon all five counts, and the judge sentenced the defendant to a "term of four years on each count to run concurrently"; he also sentenced her to pay a fine of $2,500 on each count, but provided "that if the fine is paid on one count, the fine on the remaining counts is to be remitted."

■ A nice question arises as to whether the accused was guilty at all under § 398. She did not furnish the transportation in any of the four cases: in each of the first three the same customer carried the girl outside the state either in his car or in his yacht. Even though the accused procured the girl for him knowing that he would transport her—which is not altogether clear in the case of the third and fourth counts —it can be plausibly argued that she did not take any actual part in the transportation; that, although her act was of course a link in the chain of events which ended in transportation, it was not near enough to be a part of it, to "aid or assist" in it, or to be a "cause" of it in the sense of § 398; that at most it was merely an inducement of the girl to cross the state line. We leave that question undecided because there was testimony to support a verdict on the sixth count: i. e., that for inducing the fourth girl Helen Brenner, to go to California.

It is true that the girl herself vigorously denied that the accused had induced her to go, but the jury need not have accepted that, because from her testimony it appeared that it was her habit, when the accused called upon her, to entertain the customer selected for her, and to divide her earnings equally with the accused. The jury would have been justified in understanding from this that in such cases she would follow the directions of the accused, certainly to the extent of not going where the accused did not wish her to go. When in this instance they both accepted the customer's invitation to go with him to California, it was permissible to conclude that the accused's continued complaisance should be read as positive enough—considering the relations between the two women —to be an inducement or a persuasion within the meaning of § 399 of Title 18 U. S.C.A.

 We need not pass upon the other counts; the sentence being the same upon all, it is enough if the conviction upon one was proper. Abrams v. United States, 250 U.S. 616, 40 S.Ct. 17, 63 L.Ed. 1173; Sinclair v. United States, 279 U.S. 263, 49 S. Ct. 268, 73 L.Ed. 692.

Conviction affirmed.