## LA PAGE v. UNITED STATES.

### No. 12863.

Circuit Court of Appeals, Eighth Circuit.

Jan. 10, 1945.

Rehearing Denied Jan. 29, 1945.

A. M. Cary, of Minneapolis, Minn. (Mark McCabe, of Minneapolis, Minn., on the brief), for appellant.

John W. Graff, Asst. U. S. Atty., of St. Paul, Minn. (Victor E. Anderson, U. S. Atty., of St. Paul, Minn., on the brief), for appellee.

Before STONE, SANBORN, and THOMAS, Circuit Judges.

STONE, Circuit Judge.

This is an appeal from a conviction for violation of the White Slave Traffic Act, 18 U.S.C.A. § 397 et seq.

Appellant urges here three claimed errors: (1) Improper restriction of cross-examination of a witness; (2) error in the charge to the jury, and (3) insufficiency of the evidence to support the crime set forth in the indictment. We have examined the points as to restriction of cross-examination and as to the charge to the jury and find no merit in either.

The serious matter is the sufficiency of the evidence to sustain the crime charged in the indictment. The indictment is in one count under Section 2 of the Act, 36 Stat. 825, U.S.C.A. Title 18, § 398, and in the words of that section, charges that appellant "did cause to be transported and aid and assist in obtaining transportation in interstate commerce" of Dora Thomas "for the purpose of prostitution, debauchery, and other immoral purposes."

The evidence established that Dora Thomas (who was an inmate of a house of prostitution operated by appellant at Fargo, North Dakota) had gone to Minneapolis, Minnesota, for a vacation; that appellant telephoned her, one evening, to return as "one of her girls was leaving" and she would be expected early next morning; that it was understood by both women that Dora Thomas would return to Fargo next day by train; and that she did so return. Baldly, the evidence is that Dora Thomas made this interstate journey at her own expense because of appellant's telephone request and that both women understood the immoral purpose for which the trip was to be taken. Since there was no evidence that appellant gave any aid or assistance in obtaining the transportation, the sufficiency of the proof depends upon whether it shows that appellant *"did cause* [Dora Thomas] *to be transported"* (italics added) within the meaning of section 2 of the Act.

Appellant contends that where, as here, the only act of accused is that of persuading or inducing an interstate trip by common carrier for immoral purposes, such act is not *causing* such trip within the meaning of section 2 but is, if any crime, the one stated in section 3 of the Act, U.S.C.A. Title 18, § 399.

The pertinent language in the two sections is: Section 2. "Any person who shall knowingly * * * cause to be transported * * * in interstate * * * commerce * * * any woman or girl for the purpose of prostitution"; and section 3, "Any person who shall knowingly persuade, induce * * * any woman or girl to go from one place to another in interstate * * * commerce * * * for the purpose of prostitution." Since, generally speaking, " 'cause' is a word of very broad import" (United States v. Kenofskey, 243

538

U.S. 440, 443, 37 S.Ct. 438, 439, 61 L.Ed. 836)[1] and since to "persuade" or to "induce"[2] might very well come within a broad definition of "cause", the contention is really that "cause" as used in section 2 is limited by exclusion of the means of bringing about specifically set forth in section 3.

In construing these provisions of the two sections, we start with the rules that a statute should be construed so as to give effect to all of its language[3] and that a broad statutory provision will not apply to a matter specifically dealt with in another part of the same Act.[4] Also, it has been determined that the two sections cover separate crimes.[5] One distinction between the two sections has, under some facts, been based upon the necessity of use of a common carrier in section 3, § 399, U.S.C.A., Title 18, while no such necessity exists in section 2, § 398, U.S.C.A. Title 18 (Coltabellotta v. United States, 2 Cir., 45 F.2d 117, 119; Blain v. United States, 8 Cir., 22 F.2d 393, 395) but the sections are distinct also irrespective of the common carrier feature and this distinction is between "causing to be transported", etc., under section 2, and "persuading, inducing" etc., to be transported under section 3 (see the Kavalin and Roark cases in note 5). The only way to make that distinction effective and to preserve any effect to this part of section 3 is to eliminate as *causes* for transportation under section 2 the kinds of causation covered in section 3 by the expressions "persuade, induce, entice, or coerce."

Appellee relies on decisions by this Court as follows: Schrader v. United States, 8 Cir., 94 F.2d 926; Gillenwaters v. Biddle, 8 Cir., 18 F.2d 206; Carey v. United States, 8 Cir., 265 F. 515, and Huffman v. United States, 8 Cir., 259 F. 35. The Schrader case conviction was sustained solely by an application of the "aiding and abetting" statute (Title 18 U.S.C.A. § 550). We need not determine whether that decision should be followed since the fact situation here does not admit of application of section 550 for the reason that appellant here was the only person involved in this unlawful transportation. However, it is not amiss to state that the effect of section 399 upon application of section 550 or upon section 398 was not brought to our atten-

---

[1] Webster's New International Dictionary, 2nd ed., defines the verb "cause" as being "to be the cause or occasion of; to effect as an agent; to bring about; to bring into existence; to make."

Compare judicially determined meanings in various legal situations as shown in 6 Words and Phrases, Permanent Edition, p. 341 et seq.

[2] Webster's New International Dictionary, 2nd ed., defines the verbs "induce" and "persuade" as follows: induce is "to lead on; to influence; to prevail on; to move by persuasion or influence"; persuade is "1. to induce (one) by argument, entreaty, or expostulation into a determination, decision, conclusion, belief, or the like; to win over by an appeal to one's reason and feelings, as into doing or believing something; to bring (oneself or another) to belief, certainty, or conviction; to argue into an opinion or procedure; as, he *persuades* his friend to study law, that a doctrine is erroneous, into paying his debts, or by many arguments; to *persuade* oneself that all is well; 2. to use persuasion upon; to plead with; urge; 3. * * * to bring about, by argument and persuasion, the doing, practicing, or believing of; to commend, recommend, counsel, or advise (something to be done or proposed for belief)."

Compare legal definitions in 21 Words and Phrases, Permanent Edition, p. 220 and pocket part and 32 Words and Phrases, Permanent Edition, p. 463 and pocket part.

[3] In Ex parte Public National Bank of New York, 278 U.S. 101, 104, 49 S.Ct. 43, 44, 73 L.Ed. 202, is stated: "No rule of statutory construction has been more definitely stated or more often repeated than the cardinal rule that 'significance and effect shall, if possible, be accorded to every word. As early as in Bacon's Abridgment, § 2, it was said that "a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." ' Washington Market Co. v. Hoffman, 101 U.S. 112, 115, 25 L.Ed. 782."

[4] D. Ginsberg & Sons Inc., v. Popkin, 285 U.S. 204, 208, 52 S.Ct. 322, 76 L.Ed. 704; Peck v. Jenness, 7 How. 612, 622, 12 L.Ed. 841.

[5] United States v. Saledonis, 2 Cir., 93 F.2d 302, 303, 304; Kavalin v. White, 10 Cir., 44 F.2d 49, 51; Roark v. United States, 8 Cir., 17 F.2d 570, 573, 51 A.L.R. 870; and see United States v. Barton, 2 Cir., 134 F.2d 484.

tion or considered in the Schrader case.[6] The Carey case was a general sentence of three months on four counts of indictment —two counts were for furnishing transportation on two trips and the other two counts for "persuading" the victim to make these trips. While the judgment was affirmed, there was no consideration of the point involved here. The Huffman case was conviction on count one and acquittal by verdict on counts two, three and four of an indictment. Count one was for causing a woman to be transported on a trip under section 2; the second count was identical covering a different trip; count three was for persuading, inducing and enticing (under section 3) the same woman on the first trip; and count four was identical covering the other trip. A point presented and determined was whether the acquittal on counts two, three and four was inconsistent with the conviction on count one. The judgment was affirmed. The ground for affirmance is not as distinctly stated as might be (see pages 40–42 of 259 F.) but may fairly be said to be that the several counts pleaded the same transaction in different manner or means of its commission so as "to avoid at the trial an acquittal by reason of any unforeseen lack of harmony between the allegations and the proofs" (page 40 of 259 F.). Also, reliance is placed, by appellee, on Johnson v. United States, 7 Cir., 215 F. 679, L.R.A. 1915A, 862, but this case is not pertinent.

■■ The only one of the above cases which bears upon the point before us is the Huffman case. If that case is to be understood as holding that to "induce," etc., transportation under section 3 is within to "cause" to be transported under section 2, then the authority of that case is materially weakened, if not destroyed, by our later case of Roark v. United States, 8 Cir., 17 F.2d 570, 573, 51 A.L.R. 870. We think the Huffman case should no longer be followed to the effect that to "induce," etc., under section 3 is to "cause" under section 2. Where the accused does no more to "cause", i. e., to bring about, the transportation than is shown here, the crime is a violation of section 3 for *persuading* or *inducing* and is not a violation

of section 2 for *causing* unlawful transportation. The test of difference in similar crimes is that there must be a difference in the evidence necessary to establish the particular crime from that required to establish the other crime. Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 86 L.Ed. 306; Gillenwaters v. Biddle, 8 Cir., 18 F.2d 206, 208. Here all of the essential evidence is necessary to establish a crime under section 3[7] and there is no further evidence. In short, if this evidence establishes also a crime under section 2, it must follow that any evidence sufficient to prove a crime under section 3 is likewise sufficient to prove a crime under section 2. Since section 3 is of similar and of narrower application than section 2, the inevitable result is that all meaning of section 3 is included in section 2 and section 3 states no crime not included in section 2. This is to strike out section 3 and give it no effect whatever. We think it is not our province thus to nullify a portion of an Act, by statutory construction, when it is possible to reconcile the two sections giving each a separate meaning and effect and thereby preserve both sections of the Act.

In view of our foregoing determination, it is not necessary to examine the further contention of appellant that the judgment should be reversed under authority of Mortensen v. United States, 322 U.S. 369, 64 S.Ct. 1037.

The judgment is reversed and the case remanded with directions to enter judgment of acquittal.

SANBORN, Circuit Judge (dissenting).

Since the evidence shows that the appellant knowingly brought about the return of Dora Thomas from Minneapolis, Minnesota, to Fargo, North Dakota, for the purpose of prostitution, and therefore caused her to be transported in interstate commerce, I think the conviction of the appellant under section 2 of the White Slave Traffic Act should be sustained. The Supreme Court has held that under that section "transportation of a woman or girl whether with or without her consent, or causing or aiding it, or furthering it in any of the specified ways, are the acts pun-

---

[6] Compare Gebardi v. United States, 287 U.S. 112, 123, 53 S.Ct. 35, 77 L.Ed. 206, 84 A.L.R. 370.

[7] For cases with somewhat similar fact situations where court held violation of section 399 see Blackstock v. United States, 8 Cir., 261 F. 150, certiorari denied 254 U.S. 634, 41 S.Ct. 8, 65 L.Ed. 449; Gillette v. United States, 8 Cir., 236 F. 215; United States v. Barton, 2 Cir., 134 F.2d 484; Simpson v. United States, 9 Cir., 245 F. 278, 280.

ished, when done with a purpose which is immoral within the meaning of the law." Gebardi v. United States, 287 U.S. 112, 118, 53 S.Ct. 35, 36, 77 L.Ed. 206, 84 A.L.R. 370. The language of section 2 of the Act should be given its full meaning, since that construction supports the policy and purposes of the enactment. Donnelley v. United States, 276 U.S. 505, 512, 48 S.Ct. 400, 72 L.Ed. 676; Wilson v. United States, 8 Cir., 77 F.2d 236, 239, 240.

The verb "cause" as used in section 2 is entitled to the meaning ascribed to it by the trial court. This is indicated by the decisions of this Court in Huffman v. United States, 8 Cir., 259 F. 35, 38, and Demolli v. United States, 144 F. 363, 366, 6 L.R.A.,N.S., 424, 7 Ann.Cas. 121; by the decision of the Circuit Court of Appeals of the Second Circuit in Reed v. United States, 2 Cir., 96 F.2d 785, 787, certiorari denied 305 U.S. 612, 59 S.Ct. 71, 83 L.Ed. 399; and by the ruling of the Supreme Court in United States v. Kenofskey, 243 U.S. 440, 443, 37 S.Ct. 438, 61 L.Ed. 836.

The fact that the evidence shows that what was done by the appellant was also an offense under section 3 of the Act, which section is "directed toward the persuasion, inducement, enticement, or coercion of the prohibited transportation, * * *", Gebardi v. United States, supra, page 119 of 287 U.S., page 36 of 53 S.Ct., 77 L.Ed. 206, 84 A.L.R. 370, I regard as having no substantial bearing on the question of appellant's guilt under section 2 of the Act.

I think there is no conflict between Huffman v. United States, supra, 259 F. 35, and Roark v. United States, 8 Cir., 17 F.2d 570, 51 A.L.R. 870. Roark entered a plea of guilty to an indictment containing four counts. Two of the counts charged him with violating section 2 of the Act, and the other two counts charged him with violating section 3. Roark contended that, since the indictment showed that all of the counts were based upon one transportation of one woman, the indictment charged but one offense. We thought that a person could be guilty of causing a woman to be transported in violation of section 2 and also of inducing her to be transported in violation of section 3. We said (page 573 of 17 F.2d): "It would not require the same evidence to prove that a person knowingly transported or caused to be transported a woman in interstate commerce, and to prove that he induced the woman to go in such commerce. The acts may be separate and distinct." We therefore held that, for purposes of sentence, the four counts of the indictment charged two offenses, one under section 2, and the other under section 3. The opinion in the Roark case carries no implication that if a person causes the unlawful transportation of a woman by persuasion or the offering of inducements, he may not be convicted under section 2 of the Act. It seems to me that the proper inference to be drawn from that case is that such a person may be convicted under either or both sections. Compare Reed v. United States, supra, page 787 of 96 F.2d.

Sections 2 and 3 of the Act are obviously much alike and are aimed at the same evil. A violation of one section is frequently and perhaps usually a violation of the other. To my mind, that is an added reason why neither section should be given a restricted meaning or weakened in any way by construction. I think that the evidence in this case shows that the appellant violated both sections 2 and 3 of the Act. I have no doubt that her conviction under section 2 was proper.

The case of Mortensen v. United States, 322 U.S. 369, 64 S.Ct. 1037, has no application to this case. In the Mortensen case the Supreme Court held that there was no evidence that the transportation was for any immoral purpose (page 374 of 322 U.S., page 1040 of 64 S.Ct.). In the instant case the evidence shows that the transportation of Dora Thomas from Minneapolis to Fargo was for an immoral purpose.

I would affirm the judgment appealed from.