## HILL v. UNITED STATES.

### No. 12902.

Circuit Court of Appeals, Eighth Circuit.

July 19, 1945.

Martin Friedman, of Duluth, Minn. (Henry Paull, of Duluth, Minn., on the brief) for appellant.

John W. Graff, Asst. U. S. Atty., of St. Paul, Minn. (Victor E. Anderson, U. S.

Atty., of St. Paul, Minn., on the brief), for appellee.

Before GARDNER, JOHNSEN, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

Hill appeals from a judgment of conviction under an indictment charging that he did cause to be transported in interstate commerce one Virginia Patterson and that he aided and assisted in obtaining such transportation for the purpose of prostitution, debauchery, and other immoral purposes, in violation of section 2 of the Mann Act, 18 U.S.C.A. § 398. Among other grounds for reversal, it is urged that the Government offered no evidence to sustain the charge made in the indictment. In its brief the Government admits that there was no evidence to sustain the charge that appellant was guilty of the prohibited transportation or of aiding or assisting in obtaining the alleged transportation in violation of the Act, but it insists that the evidence is sufficient to sustain the charge that appellant did cause Virginia Patterson to be transported and that he aided in transporting her for the purposes denounced by the Act.

Summarized, the evidence is that Virginia Patterson was a professional prostitute, who for some time had been living with the appellant Hill in Duluth, Minnesota. From July 1943 until the end of the year Virginia Patterson had been employed by Mrs. Sahara Anderson as a waitress and a prostitute in an establishment operated by Mrs. Anderson in Superior, Wisconsin. In January of 1944 Virginia Patterson returned to Duluth, where, after a short illness which confined her to a hospital in that city, she resumed her residence with appellant Hill. On the 13th of January, 1944, Mrs. Anderson called Virginia Patterson by long distance telephone at Gene Hill's place of residence in Duluth. Mrs. Anderson inquired of Virginia Patterson if she would come back to work, to which inquiry Virginia Patterson replied that she would come but not that day as she was not feeling well. She suggested that Mrs. Anderson talk with appellant Hill. Hill came to the telephone. The conversation which followed between him and Mrs. Anderson, so far as material here, was the same as that between Mrs. Anderson and Virginia Patterson. Witnesses who were present at the place of appellant's residence when the above conversations occurred testified that Gene Hill, after talking with Mrs. Anderson, said to Virginia Patterson that she could return to Superior on the day following.

Virginia Patterson did go from Duluth, Minnesota, to Superior, Wisconsin, on the day following the telephone conversations with Mrs. Anderson and there resumed her former occupation. She testified, however, that appellant Hill did nothing to cause her to go or assist her in going, and that he was not aware of her departure on the day on which she left Duluth. There was no testimony to the contrary.

■ This appeal is controlled by the opinion of this court in La Page v. United States, 8 Cir., 146 F.2d 536, which came down after the trial of this case in the District Court. In the La Page case the indictment on which defendant was convicted was also under section 2 of the Mann Act, 18 U.S.C.A. § 398, and was couched in exactly the same language as that employed in the present indictment. The evidence established that defendant, who operated a house of prostitution in Fargo, North Dakota, called by long distance telephone one Dora Thomas in Minneapolis, and asked her to return to defendant's establishment in Fargo of which she had been an inmate. The parties reached the understanding that Dora Thomas would return to Fargo by train the next day, and she did so return. It was held that the evidence was not sufficient to sustain a conviction of defendant, charged with a violation of section 2 of the Mann Act. In the opinion it was said that the statutory offense of causing transportation of a woman in interstate commerce for immoral purposes, or of aiding in such transportation, as defined in this section of the Act, and the offense of inducing the woman to go in interstate commerce for immoral purposes, defined in section 3 of the Act, 18 U.S.C.A. § 399, were separate and distinct offenses, and that (146 F.2d page 538) the only way to make that distinction effective was "to eliminate as causes for transportation under section 2 the kinds of causation covered in section 3 by the expressions 'persuade, induce, entice, or coerce.' " It was pointed out that the word "cause," as used in the section of the Act on which this indictment is based, was limited by exclusion of the means of causing or bringing about set forth in section 3 of the Act.

■ In the light of the opinion in the La Page case, the evidence in the present record fails to establish the charge that appel-

762

lant either caused Virginia Patterson to be transported from Duluth, Minnesota, to Superior, Wisconsin, or that he aided in transporting her between those points.

The judgment is reversed, and the case is remanded with directions to enter a judgment of acquittal.