Robert TWITCHELL and Harrison
Rogers, Appellants,

v.

UNITED STATES of America,
Appellee.

No. 17742.

United States Court of Appeals
Ninth Circuit.

April 14, 1964.

Joseph S. Kane and Will M. Derig,
Seattle, Wash., for appellant Rogers.

Brockman Adams, U. S. Atty., and
Thomas H. S. Brucker, Asst. U. S. Atty.,
Seattle, Wash., for appellee.

Before HAMLEY and DUNIWAY,
Circuit Judges, and FRED M. TAYLOR,
District Judge.

DUNIWAY, Circuit Judge:

Following our decision on appeal in
this case (Twitchell v. United States,
1963, 313 F.2d 425) appellant Harrison
Rogers petitioned for certiorari. The
Supreme Court, 84 S.Ct. 637, upon the
Solicitor General's confession of error,
remanded the case to us "to reconsider
the conviction on count nine in light of
the Government's confession of error and
to determine whether the judgment of
the District Court should be affirmed on
the basis of the conviction under count
seven."

■ We have examined the govern-
ment's confession of error. It states
that Wells paid for her own interstate
transportation, and that Rogers cannot
be held to have "counselled, commanded,
or induced" such transportation, in vio-
lation of sections 2 and 2421 of title
18, U.S.C. This is because section 2421
only prohibits transportation of a wom-
an by someone else; it is not an of-
fense for the woman to transport her-
self. Consequently, it cannot be an of-
fense, under section 2, to counsel, com-
mand, or induce her so to transport
herself. We think that the govern-

ment is correct. There is here no evidence that Rogers in any way participated in the actual transportation of Wells from Portland to Tacoma, although he did later participate in transporting her from Tacoma to Everett. The latter trip, however, was separate, and entirely intrastate. Thus the principles announced in La Page v. United States, 8 Cir., 1945, 146 F.2d 536, 156 A.L.R. 965, and followed in Hill v. United States, 8 Cir., 1945, 150 F.2d 760, are applicable here. The result might be different if count nine had charged a violation of section 2422, but it did not. We conclude that the judgment against Harrison Rogers under count nine cannot stand.

We turn to count seven, the only other substantive count under which Harrison Rogers was convicted. This count is also based on section 2421, and involves the transportation of one Ryan from Portland to Seattle. Stated most favorably to the government, the facts are these: Ryan lived near Portland, Oregon, and came to the motel operated by Mr. and Mrs. Rogers, in September, 1959, to help manage it. Mrs. Rogers was a friend of Ryan's mother, and Ryan came to the motel on her own, to get away from a drinking problem. At first, she thought that the motel was legitimate, but she later learned that it was not. She did not, however, work as a prostitute. There were about 20 units in the motel; only three were used by prostitutes; the rest were used in a legitimate manner. She was not regularly paid. At one time, Mrs. Rogers sent her one hundred dollars, at another time fifty, and paid some of her cleaning bills. While she was at the motel, both the Rogers were managing it.

From time to time, when Mrs. Rogers was away, Ryan was in charge of the desk at the motel. This included being in charge of the prostitutes, seeing that they were working, referring customers to them, collecting money, and supervising the maids. At Easter-time in 1960, she went to Portland. There she went on a drinking spree, was later sobered up by Mrs. Rogers, and was brought back to Everett by Mr. and Mrs. Rogers in a car. It took her a couple of weeks to get over her drinking spree, and then she went back to work. It is the return trip from Portland to Everett that is the basis of the charge.

■ Inducing a woman to cross a state line for the purpose of having her act as the "madam" of a house of prostitution has been held by this court to fall within the predecessor of section 2422. This was on the ground that such activity was within the meaning of the statutory phrases "any other immoral purpose," and "other immoral practice." (Simpson v. United States, 9 Cir., 1917, 245 F. 278) The same language appears in the first paragraph of section 2421, on which count seven is based. Perhaps a distinction can be made between that case and this, on the ground that Ryan did not become the "madam", but only acted occasionally in that capacity when Mrs. Rogers, who was the madam, was away. We think the distinction a thin one, particularly in view of decisions of the Supreme Court and this court giving the phrases in question a broad, rather than a restricted, construction. See: United States v. Bitty, 1908, 208 U.S. 393, 28 S.Ct. 396, 52 L.Ed. 543; Athanasaw v. United States, 1913, 227 U.S. 326, 33 S.Ct. 285, 57 L.Ed. 528; Caminetti v. United States, 1917, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442; Cleveland v. United States, 1946, 329 U.S. 14, 67 S.Ct. 13, 91 L.Ed. 12; Beyer v. United States, 9 Cir., 1918, 251 F. 39. We assume, but do not decide, that Ryan's activity was an "immoral practice."

In our opinion there is another reason why the conviction of Rogers under count seven cannot stand. In Mortensen v. United States, 1944, 322 U.S. 369, 64 S.Ct. 1037, 88 L.Ed. 1331, the Supreme Court said that the interstate transportation must have, as its "dominant motive" the purpose defined in the Act. It held that, when the operator of a house of prostitution took two of

his girls on a vacation trip across state lines, during which no immoral activity occurred, then as a matter of law, the return trip did not have such a dominant purpose. Yet in that case, all parties to the trip expected that the girls would resume the practice of their "profession" when the trip was over. Even stronger are two brief per curiam decisions of the Supreme Court that reverse on the authority of Mortensen. Oriolo v. United States, 1945, 324 U.S. 824, 65 S.Ct. 683, 89 L.Ed. 1393, reported below, where the facts are stated at 146 F.2d 152 (3 Cir., 1944); Becker v. United States, 1955, 348 U.S. 957, 75 S.Ct. 449, 99 L.Ed. 747, reported below where the facts are stated, at 217 F.2d 555 (8 Cir., 1954). The facts in Becker, as stated by the Court of Appeals, are remarkably similar to those before us, so far as the interstate journeys are concerned. See also: Smart v. United States, 5 Cir., 1953, 202 F.2d 874; United States v. Ross, 2 Cir., 1958, 257 F.2d 292; United States v. Hon, 7 Cir., 1962, 306 F.2d 52, in each of which a conviction was reversed, under comparable circumstances, on the authority of Mortensen. Compare Van Pelt v. United States, 4 Cir., 1917, 240 F. 346; Fisher v. United States, 4 Cir., 1920, 266 F. 667; Hunter v. United States, 4 Cir., 1930, 45 F.2d 55, 73 A.L.R. 870, which seem to anticipate Mortensen.

In the case before us, there is no showing that Ryan's trip to Portland was for an immoral purpose. It was to visit her home. The most that can be said of the return trip is that the dominant purpose was to get her sobered up and away from home, where she had her drinking problem. Nothing in the record would support a finding that either *the* or *a* dominant purpose of that trip was to have her resume immoral activities. The conviction of Harrison Rogers under count seven cannot stand.

The judgment of conviction of Harrison Rogers on counts seven and nine of the indictment is reversed.