## CORY v. JOHNSTON, Warden.
### No. 24972-S.

District Court, N. D. California, S. D.

Aug. 23, 1945.

———◆———

William Frank Cory, in pro. per.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

ST. SURE, District Judge.

Petitioner by writ of habeas corpus seeks his release from Alcatraz Penitentiary alleging that because he was sentenced to one year for escape from a federal prison, 18 U.S.C.A. § 753h, he is entitled under 18 U.S.C.A. § 753f, to choose the type of institution in which he is to serve.

■ Section 753f, 18 U.S.C.A., provides that all persons convicted of an offense against the United States shall be committed to the custody of the Attorney General who shall designate the place of confinement, "Provided, That any sentence of imprisonment for an offense *punishable by imprisonment for a term of one year or less* shall not be served in a penitentiary

except with the defendant's consent." (Emphasis supplied) Escape is a crime punishable "by imprisonment for not more than five years or by a fine of not more than $5,000, or both." It is apparent from the language of 18 U.S.C.A. § 753h that petitioner does not come within the proviso of Section 753f, 18 U.S.C.A.

■ The other point raised by petitioner, that he is not being given the correct amount of good time allowance, is premature, for by his own computation he would not be eligible for release until May 11, 1946.

Respondent's motion to dismiss is granted. The petition for writ of habeas corpus is denied and the order to show cause discharged.