**BROOKS v. STEELE.**

No. 13988.

United States Court of Appeals
Eighth Circuit.

Nov. 4, 1949.

Sterling E. Brooks submitted brief pro se for appellant.

Sam M. Wear, United States Attorney, and Richard H. Musser, Assistant United States Attorney, Kansas City, Mo., submitted brief for appellee.

Before WOODROUGH, THOMAS and RIDDICK, Circuit Judges.

WOODROUGH, Circuit Judge.

Sterling E. Brooks, who is confined in the United States Medical Center for Federal Prisoners at Springfield, Missouri, pursuant to transfer from the Leavenworth Penitentiary, prosecutes this appeal to reverse a judgment which denied him discharge by habeas corpus.

It appears that in February, 1947, he plead guilty to six counts of an information charging possession and sale of marihuana in violation of 26 U.S.C.A. § 2593(a) and § 2591(a) and that he was duly sentenced to imprisonment for the period of nine months on each count to be served consecutively and was committed to the custody of the Attorney General to designate the place of confinement and commit him therein. The Attorney General designated the penitentiary at Leavenworth as the place where the sentence should be served and after appellant had been there committed he was transferred in due course on account of his condition to the Medical Center.

. On the trial of the petition for habeas corpus the court understood the ground of the complaint to be "that the sentences * * * and in like manner the commitment" were illegal and that discharge by habeas corpus was sought for that reason. Upon that view it held that the remedy open to appellant was through the procedure provided in 28 U.S.C.A. § 2255 by a motion presented to the court which had imposed the sentences and not by habeas corpus and it dismissed the petition. The form in which the petition for the writ was drawn certainly permitted the inference the court drew as to its purport and the ruling correctly disposed of it if such was its intendment.

But it is earnestly insisted here that the petition also presented that the detention of Brooks and deprivation of his liberty at the Leavenworth Penitentiary and then at the Medical Center was unlawful even though the sentence entered by the court was in all respects lawful and unassailable by motion under 28 U.S.C.A. § 2255. The gist of the contention is that the

Attorney General had no lawful authority to designate the penitentiary at Leavenworth or the Medical Center at Springfield as the places of confinement where the sentences imposed on Brooks should be served. It is argued that as the sentence on each count of the information was for less than a year, Brooks could not be imprisoned in a penitentiary. The reliance is upon 18 U.S.C.A. § 753f, in effect at the time of sentence but now repealed, and New Title 18 U.S.C.A. § 4083, now in effect, both of which prohibit imprisonment in a penitentiary for "offenses punishable by imprisonment for one year or less without the defendant's consent." On consideration of the statutes and appellant's contentions we hold that the Attorney General was clearly authorized and empowered to designate and make the commitment of the of the appellant to the Leavenworth Penitentiary. Under Section 753f as it stood when he acted and under Section 4082, now in effect, the power was and is broadly conferred upon the Attorney General to designate the place of confinement for "persons convicted of an offense against the United States" and he may designate "any available, suitable, and appropriate institutions, etc." The limitation upon the authority formerly in Section 753f and now in Section 4083 that "a sentence for an offense punishable by imprisonment for one year or less shall not be served in a penitentiary without the consent of the defendant" has no application in this case because of each of the offenses set forth in the several counts to which Brooks plead guilty and for which he was sentenced was "an offense punishable by imprisonment for five years." None charged "an offense punishable by imprisonment for one year or less." The statute makes distinction between two classes of offenses by the extent to which the offenses are respectively made punishable. It does not attempt to classify offenders according to different punishments that may have been meted out to them.

This holding is in accord with the plain wording of the statute. Cory v. Johnston, Warden, D.C., 61 F.Supp. 1021, is to the same effect. In this case the period of imprisonment to be served by appellant is fifty-four consecutive months and manifestly neither a city jail nor a county jail would be an "appropriate" place for the service of such a period of confinement. The place designated by the Attorney General is "appropriate" within the intendment of the statute.

The judgment appealed from is affirmed.