SEPULVEDA v. SQUIER, Warden, U. S. Penitentiary, McNeil Island, Washington.

No. 12904.

United States Court of Appeals Ninth Circuit.

Oct. 29, 1951.

Dario DeBenedictius, San Francisco, Cal., for appellant.

J. Charles Dennis, U. S. Atty., Guy A. B. Dovell, Asst. U. S. Atty., Tacoma, Wash., for appellee.

Before HEALY, BONE, and POPE, circuit Judges.

HEALY, Circuit Judge.

This is an appeal from an order denying a petition for a writ of habeas corpus. The record indicates that appellant was indicted for bringing into the United States, on or about April 26, 1950, four named aliens not entitled to enter the country. The indictment was in four counts, that is, it treated the bringing in of each alien as a distinct offense. The jury found the accused guilty on all counts and he was sentenced as follows: one year and a fine of $500 on count 1; one year and a fine of $500 on count 2, the imprisonment to commence upon expiration of the sentence on count 1; and one year and a fine of $1.00 on count 3, to run concurrently with count 1. On count 4 imposition of sentence was suspended and the defendant placed on probation for five years. He was committed by the Attorney General to the federal penitentiary at Mc-Neil Island.

On the appeal in the habeas corpus proceeding the court appointed counsel to represent the petitioner, and his contentions have been thoroughly aired. The first point he makes is that the offenses charged in the four counts were all parts of a single transaction[1] and constitute but one offense;

---

1. We have assumed for the purpose of decision, although the fact does not definitely appear, that all the aliens were brought in as part of a single transaction.

and since those charged in counts 2, 3, and 4 are identical with that covered by count 1, the sentences imposed on 2, 3 and 4 are invalid and petitioner is entitled to his liberty inasmuch as he has served the entire sentence imposed on count 1. The second claim, in the alternative, is to the effect that should the court hold the offenses to be separate, then appellant's confinement in a penitentiary rather than in jail is improper and unauthorized, it being the law, says appellant, that a person can be confined in a penitentiary without his consent only if sentenced to a term of more than one year. Several cases are cited to the proposition that sentences on separate counts may not be cumulated to determine the place of confinement.

■ 1. The statute under which the indictment was returned is 8 U.S.C.A. § 144, the material parts of which provide: "Any person * * * who shall bring into or land in the United States, by vessel or otherwise, or shall attempt, by himself or through another, to bring into or land in the United States, by vessel or otherwise, * * * any alien not duly admitted by an immigrant inspector or not lawfully entitled to enter or to reside within the United States, shall be deemed guilty of a misdemeanor, and upon conviction thereof *shall be punished by a fine not exceeding $2,000 and by imprisonment for a term not exceeding five years for each and every alien so landed or brought in or attempted to be landed or brought in."* [Emphasis ours.]

We think, if for no other reason than the use by Congress of the italicized language, that it was not improper to indict appellant in the form followed by the grand jury here. Logically it would seem that the offense as appertaining to each alien should be set forth in a separate count so that the court may intelligently impose sentence. Otherwise, the judge can not certainly know whether a general verdict of guilty imports a finding that all the aliens named, or only some of them, had been illegally brought in. At least because of this peculiar provision requiring the imposition of fine and imprisonment for each and every alien unlawfully imported, cases like Johnston v. Lagomarsino, 9 Cir., 88 F.2d 86, Dimenza

v. Johnston, 9 Cir., 130 F.2d 465, and United States v. Mellor, D.C., 71 F.Supp. 53, can not be thought in point.

■■ We may add that in a collateral proceeding like the present a petitioner may not be heard to complain of the form of the indictment unless he can show that he suffered prejudice from it. In the ordinary case an accused obviously suffers unjustified harm by the breaking up of a single offense into several counts since by this practice he is subjected or exposed to multiple punishment. But in the case of a statute worded like the one before us the multiple punishment ensuing is of the essence of the legislative intent.

■ 2. Nor is it thought that appellant's incarceration in a penitentiary is illegal. 18 U.S.C.A. § 4083 provides that "Persons convicted of offenses against the United States or by courts-martial and sentenced to terms of imprisonment of more than one year may be confined in any United States penitentiary.

"A sentence for an offense punishable by imprisonment for one year or less shall not be served in a penitentiary without the consent of the defendant."

Appellant's case is not within the prohibition contained in the second part of this statute. His conviction was for an offense punishable by imprisonment for as much as five years for each alien unlawfully brought in. It is argued, however, that Congress inadvertently failed to provide for the class of offenses punishable by more than one year but where the sentence actually imposed is one year or less; and it is said that absent express statutory authorization the Attorney General is without power to confine appellant in a penitentiary.

■ We think the Attorney General had ample authority to do that under 18 U.S.C.A. § 4082. Compare Brooks v. Steele, 8 Cir., 177 F.2d 783. This statute provides that persons convicted of an offense against the United States shall be committed, for such terms of imprisonment as the court may direct, to the custody of the Attorney General, who shall designate the places of confinement where the sentences shall

be served. Authority is given that officer to designate "any available, suitable, and appropriate institutions," and he may order any inmate transferred from one institution to another. Here, the period of imprisonment required to be served by appellant totaled two years, and manifestly the institution designated by the Attorney General as his place of confinement can not be thought inapproprate within the intendment of the statute.

Affirmed