MARTINEZ–QUIROZ
v.
UNITED STATES.
No. 14065.

United States Court of Appeals,
Ninth Circuit.
Feb. 18, 1954.

J. B. Mandell, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Los Angeles, Cal., Edwin C. Jefferies, San Diego, Cal., Ray H. Kinnison, Los Angeles, Cal., Morris Sankary, San Diego, Cal., Hiram W. Kwan, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before MATHEWS, STEPHENS and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant and Thomas Gene Doty were indicted in three counts for violating § 274(a) of the Immigration and Nationality Act, 8 U.S.C.A. § 1324(a).[1] Doty pleaded guilty. Appellant pleaded not guilty, waived jury trial and was tried without a jury. In the course of the trial, counts 1 and 2 of the indictment were dismissed as to appellant. Appellant was convicted and sentenced on count 3 of the indictment[2] and has appealed.

**I.**

Appellant contends that § 274(a) of the Immigration and Nationality Act, 8 U.S.C.A. § 1324(a), is unconstitutional and void for vagueness. A similar contention was rejected in Herrera v. United States, 9 Cir., 208 F.2d 215, 216. We now reaffirm Herrera v. United States and again hold that § 274(a) of the Immigration and Nationality Act, 8 U.S. C.A. § 1324(a), is constitutional and valid.

**II.**

Appellant contends that the evidence was insufficient to sustain his conviction. There was evidence to the following effect:

At all pertinent times, Enedina Rodriguez Sancione,[3] was an alien not duly admitted by an immigration officer and

1. Section 274(a) of the Act, 8 U.S.C.A. § 1324(a), provides: "Any person, including the owner, operator, pilot, master, commanding officer, agent, or consignee of any means of transportation who—

"(1) brings into or lands in the United States, by any means of transportation or otherwise, or attempts, by himself or through another, to bring into or land in the United States, by any means of transportation or otherwise;

"(2) knowing that he is in the United States in violation of law, and knowing or having reasonable grounds to believe that his last entry into the United States occurred less than three years prior thereto, transports, or moves, or attempts to transport or move, within the United States by means of transportation or otherwise, in furtherance of such violation of law;

"(3) willfully or knowingly conceals, harbors, or shields from detection, or attempts to conceal, harbor, or shield from detection, in any place, including any building or any means of transportation; or

"(4) willfully or knowingly encourages or induces, or attempts to encourage or induce, either directly or indirectly, the entry into the United States of—

any alien, including an alien crewman, not duly admitted by an immigration officer or not lawfully entitled to enter or reside within the United States under the terms of this Act [8 U.S.C.A. § 1101 et seq.] or any other law relating to the immigration or expulsion of aliens, shall be guilty of a felony, and upon conviction thereof shall be punished by a fine not exceeding $2,000 or by imprisonment for a term not exceeding five years, or both, for each alien in respect to whom any violation of this subsection occurs: Provided, however, That for the purposes of this section, employment (including the usual and normal practices incident to employment) shall not be deemed to constitute harboring."

2. Count 3 alleged that on or about March 11, 1953, in Imperial County, California, appellant and Doty "knowing that an alien, namely: Enedina Rodriguez vda. de Arivizo, was then in the United States in violation of law and having reasonable grounds to believe that said alien's entry into the United States occurred less than three years prior to the aforesaid date, did transport and move and attempt to transport and move said alien within the United States, in furtherance of such violation of law."

3. Also known as Enedina Rodriguez vda. de Arivizo.

not lawfully entitled to enter or reside within the United States under the terms of the Immigration and Nationality Act, 8 U.S.C.A. § 1101 et seq., or any other law relating to the immigration or expulsion of aliens. She (Enedina Rodriguez Sancione) nevertheless entered the United States on March 9, 1953, and was, at all pertinent times thereafter, in the United States in violation of law. On March 11, 1953, knowing that she was in the United States in violation of law and having reasonable grounds to believe that her last entry into the United States occurred less than three years prior to March 11, 1953, appellant transported her in his car from a cafe to a hotel or apartment house in the City of Brawley, Imperial County, California, in furtherance of such violation of law.

Obviously, the evidence was sufficient to sustain appellant's conviction.

Affirmed.