George VEGA–MURRILLO, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15384.

United States Court of Appeals
Ninth Circuit.

July 5, 1957.

David C. Marcus, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Attorney, Louis Lee Abbott, Lloyd F. Dunn, Assisttant U. S. Attys., Los Angeles, Cal., for appellee.

Before LEMMON, CHAMBERS and HAMLEY, Circuit Judges.

LEMMON, Circuit Judge.

This appeal is taken from an order of the District Court denying the motion of appellant brought under Section 2255 of Title 28 U.S.C.A.

Appellant was charged in a three-count indictment, returned March 2, 1955, alleging violations of Section 1324(a) (2), Title 8 U.S.C.A., illegal transportation of aliens.[1]  He pleaded guilty to each count.

---

1. Section 1324(a) (2), Title 8 U.S.C.A., provides:

"(a) Any person, including the owner, operator, pilot, master, commanding of-

He received consecutive sentences of three, two and two years.

No appeal was taken from the judgment, but on June 22, 1955, appellant presented to the trial court a motion under Section 2255 claiming that, though he was charged with three counts of transportation, the three aliens were in fact transported at the same time and in the one conveyance. From this he argued that but one offense was committed and that the sentence thereon should be reduced to the two years under Count 3. This motion was denied on March 30, 1956, and no appeal was taken from the order denying the same.

On May 8, 1956, he filed a second petition under Section 2255 and Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., in which he claimed, for the first time, that he did not receive adequate representation from the court-appointed counsel. He also again claimed, as on the first motion, that he was guilty of but one offense.[2]

Richard D. Love was a member of the Fresno Bar and Chairman of the Fresno County Bar Association's Indigent Committee, and was appointed by the Court to represent appellant in the criminal case.[3]

Appellant was represented at the hearing of the second motion by counsel of his own choice. But two witnesses were present and testified. They were appellant and Love, the court-appointed counsel for appellant at his arraignment and plea, who appellant claims did not render him adequate representation.

Appellant, testifying on his own behalf, stated that, after the Court's announcement of the appointment of Love as his counsel, a brief five-minute interview was held in the Marshal's office between him and Love, the culmination of which was advice from Love that he plead guilty; that Love did not advise him that there were three counts and that he could be sentenced on each count; that no inquiry was made as to his inno-

ficer, agent, or consignee of any means of transportation who— * * *

"(2) knowing that he is in the United States in violation of law, and knowing or having reasonable grounds to believe that his last entry into the United States occurred less than three years prior thereto, transports, or moves, or attempts to transport or move, within the United States by means of transportation or otherwise, in furtherance of such violation of law; * * *

Any alien, including an alien crewman, not duly admitted by an immigration officer or not lawfully entitled to enter or reside within the United States under the terms of this chapter or any other law relating to the immigration or expulsion of aliens, shall be guilty of a felony, and upon conviction thereof shall be punished by a fine not exceeding $2,000 or by imprisonment for a term not exceeding five years, or both, for each alien in respect to whom any violation of this subsection occurs: * * *."

2. Section 2255, Title 28 U.S.C.A., provides in part:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sen-

tence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. * * * *"

The Court agreed to hear and pass upon these contentions, though repetitious of the first motion, because, as the judge stated:

" * * * I will not consider that either ground has been passed on before, because the defendant in the motion urged today raised the point that he was entitled to be present and he was not present and did not have a right, or, did not enjoy the right of cross-examination of Mr. Love, who appeared as a witness at the prior hearing.

"While it was my impresson that I questioned Mr. Love and I know I was at that time satisfied, it has been a long time now. We will just proceed de novo as to both of these points. So you put in whatever you feel is necessary to support your motion, and I will consider every point raised anew."

3. Appellant had stated to the Court that he wished to proceed without attorney. No point is made that the counsel was forced upon him. Indeed, he apparently was quite willing to accept the assistance of counsel.

cence, or possibility of a defense; that he was told he would get a light sentence if he pleaded guilty; and that if he contested "the judge would get mad and throw the book at him". So "plead guilty and get a light sentence and get it over with." He claims that he was thereby coerced and frightened into a guilty plea.

However, on cross-examination, the appellant admitted Love stated to him, "You know you can get fifteen years." Fifteen years is the maximum which could be imposed for three offenses under the statute, the maximum under each count being five years.

Appellant testified that during this conference with Mr. Love, appellant, in answer to the question as to what happened, stated: "I am accused of transporting three aliens." I says, "I don't know." I said, "I did bring three men down to Fresno. Whether they were aliens or not I don't know." When asked, "How do you want to plead?", he replied, "I don't know". Love said, "Well, I looked at your record. You have got a pretty bad record. You know you can get 15 years. Do you want to plead guilty or not guilty?" I said, "I don't know what to do, since you tell me 15 years, I don't know what to say." So Love said, "Well, why don't you go in there and plead guilty? Don't get the judge mad because he will throw the book at you. Go ahead and plead guilty and get a light sentence and get it over with."

The appellant testified that after this conference in the Marshal's office, he and Mr. Love returned to the courtroom, where the appellant entered the pleas of guilty.

Mr. Love's version of what occurred differs from this account in material respects. As was within his province, the judge believed Mr. Love and disbelieved appellant. The judge found that petitioner [appellant] was not a credible witness and not worthy of belief, and that Mr. Love was worthy of belief; that appellant was advised, prior to entry of his pleas, as to the nature of the charge

against him and his right to a jury trial, his right to summon witnesses in his behalf, and the maximum sentence under the law which a plea of guilty or a verdict of guilty might invoke; that no coercion was used to induce the guilty pleas; and that the decision so to plead was appellant's own decision.

There were sound reasons for inability to believe appellant. He was a twice convicted felon. One of his convictions was for assisting aliens to enter the United States illegally. Thus it is apparent that he was not unfamiliar with courts or with the particular offense or offenses with which he was charged.

Furthermore, the appellant admitted that each of the aliens in the Fresno indictment had paid him $20 when the destination was reached. He stated that they voluntarily paid him this amount as "gas money". If they did so state it strains credulity to conclude that appellant considered the payment merely a reimbursement for gasoline consumed on the trip, since the distance traveled was only "approximately about 300 miles". More reasonable it is to assume that the $60 was in payment for the illegal transportation, a sum considerably in excess of the going charge for public carriage between the two points.

We are satisfied that appellant received advice and representation which measured up to the requirements of the Sixth Amendment. Sherman v. United States, 9 Cir., 1957, 241 F.2d 329, 336; Latimer v. Cranor, 9 Cir., 1954, 214 F.2d 926, 929.

The trial court's findings are not clearly erroneous and we therefore approve them.

█ It is conceded that though three aliens were transported by the defendant, they were transported at the same time and in the one conveyance. In this respect there was but one act of transportation. Appellant argues from this that one sentence alone was permissible and that only the two year sentence on Count 3 is "active to serve". He attempts to draw a parallel between this case and the cases under the Mann Act,

18 U.S.C.A. § 2421 et seq., in which cumulative sentences were under attack, a separate sentence having been pronounced for each female transported in a single act of transportation.[4]

However, there is a very important distinction between the wording of the Mann Act and the Act here considered, relative to punishment. The Mann Act does not provide for cumulative punishment, but the latter does.

It appears to us that Congress has expressly done in the statute here under consideration what the Supreme Court suggested in the Bell case it could have done in the Mann Act; namely, provided cumulative punishment for each person transported. In that case the high court stated, "Congress could no doubt make the simultaneous transportation of more than one woman in violation of the Mann Act liable to cumulative punishment for each woman so transported." Bell v. United States, supra, 349 U.S. at pages 82–83, 75 S.Ct. at page 622. It may well be that this principle was in mind when Congress provided for cumulative punishment for the transportation of more than one alien in violation of § 1324 of Title 8 U.S.C.A.

■ It is of no moment that the indictment charges three separate offenses. The most that can be said is that perhaps this is an inartificial way of charging one offense, the commission of which subjects the offender to cumulative sentences.[5]

It is not and may not be claimed that appellant was misled or prejudiced by this form of pleading. He pleaded guilty to transporting each of the three aliens and, this being considered as a plea to but one offense, he received a sentence within the limits provided for one offense of transporting three aliens.

■ The constitutionality of the Act under which the prosecution was brought

is questioned. The argument runs that the statute's proscription against the movement of aliens within a particular state, together with that of the movement of aliens in interstate commerce, violates the constitutional principle to legislate on purely interstate activities. The Supreme Court stated in Wilkerson v. Rahrer, 1891, 140 U.S. 545, 555, 11 S. Ct. 865, 867, 35 L.Ed. 572:

"The power of congress to regulate commerce among the several states, when the subjects of that power are national in their nature, is also exclusive."

The judgment is affirmed.

---

4. Bell v. United States, 349 U.S. 81, 75 S. Ct. 620, 99 L.Ed. 905.

It is to be noted, however, that under the Mann Act one may be guilty of more than one crime, though the parties are

involved in but one transaction. Roark v. United States, 8 Cir., 17 F.2d 570, 51 A.L.R. 870.