**Fred Dwight JONES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16009.**

United States Court of Appeals Ninth Circuit.

Oct. 3, 1958.

Rubin, Seltzer & Solomon, Herbert J. Solomon, San Diego, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Peter J. Hughes, San Diego, Cal., Lloyd F. Dunn, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before CHAMBERS, BARNES and HAMLIN, Circuit Judges.

PER CURIAM.

Appellant was found guilty of four counts of transporting aliens on or about March 14, 1954, in violation of 8 U.S.C. § 1324(a) (2). The transportation of the four aliens all took place at the same time and was part of the same transaction. The appellant was sentenced to prison for five years on counts 1 and 2, said terms to run concurrently; and was sentenced to prison for one year on counts 3 and 4, said terms to run concurrently. The term of one year on counts 3 and 4, however, were to run consecutively to the term of five years on counts 1 and 2,

thereby resulting in a total sentence of six years.

■ Appellant appeals from an order denying his petition for a writ of habeas corpus. He urges (1) that his sentences were ambiguous. They were not. (2) He urges that they make it necessary for him to serve more time in prison than if the five year sentence and the one year sentence were not aggregated. They do. (3) Appellant urges that he has been subjected to more than one punishment for the same offense. He has not.

Appellant recognizes (a) that 8 U.S.C. § 1324 provides:

"Any person * * * who * * * knowing[ly] * * * transports * * * any alien * * * not duly admitted * * * or not lawfully entitled to enter * * * the United States * * * shall be guilty of a felony, and * * * *shall be punished * * * by imprisonment * * * for each alien in respect to whom any violation of this subsection occurs* * * *." [Emphasis added.]

(b) that this court has heretofore ruled that this statute (unlike the Mann Act, 18 U.S.C. § 2421, and similar statutes) provides for cumulative punishment for each person transported:

"* * * that Congress has expressly done * * * here * * * what the Supreme Court suggested * * * it could have done in the Mann Act * * *. Bell v. United States, supra, 349 U.S. [81] at pages 82–83, 75 S.Ct. [620], at page 622 [99 L.Ed. 905]. * * * It may well be that this principle was in mind when Congress provided for cumulative punishment for the transportation of more than one alien in violation of § 1324 of Title 8 U.S.C.A." Vega-Murrillo v. United States, 9 Cir., 1957, 247 F.2d 735, 738.

Cf. also, Sepulveda v. Squier, 9 Cir., 1951, 192 F.2d 796.

■ But appellant urges us to overrule our previous decisions because the

"* * * code section [8 U.S.C. § 1324] must be construed to refer to multiple punishments for more than one alien which are transported at separate times and are not part of the same transaction."

We refuse to so construe the section. Such construction would be directly opposed to our previous interpretation (Vega-Murrillo v. United States, supra; Sepulveda v. Squier, supra), to the interpretation of other circuits (Serentino v. United States, 1 Cir., 1930, 36 F.2d 871), and to the Supreme Court's interpretation of similar language in the present statute's predecessor (8 U.S.C. § 144). In United States v. Evans, 1948, 333 U.S. 483, 494, 68 S.Ct. 634, 640, 92 L.Ed. 823, the Court said:

"The (penalty) clause's function was solely to augment the penalty when more than one alien was involved."

The new statute (8 U.S.C. § 1324) has been held constitutional. Martinez-Quiroz v. United States, 9 Cir., 1954, 210 F.2d 763; Herrera v. United States, 9 Cir., 1953, 208 F.2d 215.

Affirmed.