Fred Dwight JONES, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17364.

United States Court of Appeals
Ninth Circuit.

June 14, 1961.

Fred Dwight Jones, in pro. per.

Charles P. Moriarty, U. S. Atty., Seattle, Wash., and Charles W. Billinghurst, Asst. U. S. Atty., Tacoma, Wash., for appellee.

Before BARNES, HAMLIN and JERTBERG, Circuit Judges.

BARNES, Circuit Judge.

On July 22, 1954, appellant was sentenced by Judge Fee (sitting in the United States District Court) after conviction by a jury on four counts of illegally transporting an alien. Sentence on Counts I and II was five years each, to be served concurrently. Counts III and IV were for one year each, to be served concurrently with each other, but consecutive to Counts I and II, or a total sentence of six years. No appeal was taken.

Appellant filed a motion to vacate this sentence under 28 U.S.C. § 2255. This was denied by Judge Fee on April 25, 1956. On November 21, 1957, a writ of habeas corpus was filed, and later amended. It was denied in its entirety by Judge Carter (of the United States District Court for the Southern District of California, Southern Division) on January 29, 1958. An appeal was taken, and denial affirmed October 3, 1958. 9 Cir., 260 F.2d 89.

On August 11, 1958, appellant was released by the United States Board of Parole (in accordance with Title 18 U.S. Code § 4163) on parole, "with 710 days remaining to be served."

On April 15, 1960, appellant, having been charged in two counts with transporting a forged security interstate (in violation of Title 18 U.S.C. § 2314), was sentenced for a second time. Judge Carter sentenced Jones to ten years on Count I, so that a study could be made to enable the court to obtain more detailed information for determining what sentence should be imposed (18 U.S.C. § 4208(c)), and so that, if desirable, sentence could be subsequently modified under 18 U.S.C. § 4208(b). Sentencing on the second count was therefore continued to July 18, 1960. Judge Carter asked that this study be made in three months.

Nothing was done by, or on, July 18, 1960. The Parole Board apparently had not desired to serve the warrant of revocation of parole (requiring appellant to serve the remainder of his 710 day term) until appellant had been sentenced on the second count of his forged security conviction.

The trial judge apparently was unconcerned when he did not receive the report he had asked for, for he assumed that the warrant revoking parole had been served on appellant. He discovered it had not on November 21, 1960, when the report he had requested was received. The recommendation to Judge Carter was that appellant be required to serve four years consecutively to the remainder of the previous sentence. Due to the failure of service of the warrant of revocation of parole, appellant's ten year maximum sentence on Count I of the forged security conviction was modified, not to four years (as recommended), but to *six months*. This short sentence was undoubtedly the result of the trial court realizing that the six months' sentence on Count I would have expired (if served concurrent with any sentence remaining on the original alien transporting sentence, and provided the warrant revoking parole had been *immediately* served on appellant) six months after April 15, 1960, or by October 15, 1960. Thus appellant had served time from on or about October 15, 1960, to November 21, 1960, without having a sentence run against

him, although he was facing the 710 days on his first sentence whenever that parole was revoked, as well as a sentence under Count II of the second conviction. Recognizing this, Judge Carter very humanely sentenced appellant on December 13, 1960, to one day on Count II of the forged security charge.

The United States Board of Parole, then, on February 13, 1961, revoked the appellant's parole,[1] but made it retroactive to October 14, 1960, in order to aid appellant.

Thus the appellant, having served from April 15, 1960, to December 6, 1960 (a total of about eight months) and thus having satisfied a judgment originally ordered of ten years on Count I, and one day on Count II (even though the Count I sentence was reduced to six months), was then and is now serving his 710 days remaining after the revocation of parole on the original six year sentence on the alien transporting charge.

Appellant is thus legally and lawfully serving his time, and was on February 16, 1961 when Judge Carter refused to issue the writ; and on March 29, 1961 when Judge Boldt (of the United States District Court for the Western District of Washington, Southern Division) refused to issue the writ. That appellant was delayed in serving the balance of his alien transporting conviction sentence is unfortunate solely from a technical standpoint, but extremely advantageous to him from a practical standpoint, as his second two-count felony sentence, now served, was undoubtedly reduced in large part due to but one factor—the misunderstanding between Judge Carter and the United States Parole Board, as to who should first move.

Appellant has thus been helped rather than hurt—benefited rather than hindered.

But whether that be true or not, he is now lawfully confined on a properly existing commitment caused by his violating the parole granted him on his first felony conviction. He is not entitled to the release as his petition or appeal now seeks, and hence Judge Carter[2] and Judge Boldt[3] both very properly denied

1. Exhibit 2 reads in part as follows:
"This is to certify that the within named Fred Dwight Jones Register number 284–86–M was taken into custody under authority of this warrant dating retroactively to October 14, 1960, to serve the unexpired portion of his sentence as 3406–CAL., which in this case amounts to a period of 710 days, and will expire August 25, 1962 (sic). Per M B 259 this date will be advanced by 187 days (sic) statutory good time to an expiration date 2–19–62 (sic)."

2. Appellant filed a petition for writ of habeas corpus ad subjiciendum, pursuant to 28 U.S.C. § 2255. This was denied, both as a petition for writ of habeas corpus, and for relief under § 2255 by Judge Carter on February 15, 1961.

3. Appellant filed a petition for writ of habeas corpus before Judge Boldt. This was dismissed on March 29, 1961. Quoting from this order of dismissal:
"In substance, petitioner contends his detention is illegal because he was held as an unsentenced federal prisoner in a federal penal institution from October 15, 1960 until December 6, 1960. The question of the legality of petitioner's detention during the period in question is now moot and there being no specific allegation by petitioner that his present confinement is unlawful or that he is entitled to immediate release, no grounds exist for the issuance of a writ of habeas corpus.

"However, the court has fully considered petitioner's contention and finds it to be without merit. As shown by the sentence data record, petitioner was lawfully in custody during the period in question, pursuant to judgment entered by the United States District Court for the Southern District of California, Southern Division, Criminal Cause No. 29417 on April 15, 1960. On that date petitioner was sentenced to a term of ten years on Count I and imposition of sentence on Count II was continued. The sentence on Count I was made subject to modification pursuant to 18 U.S.C. 4208(b). On November 21, 1960 the sentence on Count I was modified and the imposition of sentence on Count II again continued. Sentence on Count II was imposed December 13, 1960. Therefore, petitioner was lawfully in custody during the period in question. Furthermore, petitioner is presently in lawful custody serving the unexpired term imposed in Cause Number 24,002 of the

his several petitions for a writ of habeas corpus. We affirm their action and dismiss petitioner-appellant's appeal as being without substance or merit.

same court. Accordingly, it is hereby
    "Ordered that the petition for writ of habeas corpus be and the same here-

by is dismissed and the relief prayed for therein denied. * * * "