Pete **POLITANO**, alias Pete Polatino, Appellant,

v.

**UNITED STATES of America**, Appellee.

No. 4983.

United States Court of Appeals, Tenth Circuit.

Feb. 8, 1955.

Rehearing Denied March 12, 1955.

Francis S. Mancini, Denver, Colo., for appellant.

Robert Wham, Asst. U. S. Atty., Montrose, Colo. (Donald E. Kelley, U. S. Atty. for Dist. of Colorado, and Robert Swanson, Asst. U. S. Atty. for Dist. of Colorado, Denver, Colo., were with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

The defendant Politano was charged by indictment with knowingly persuad-

ing, inducing, enticing and coercing a certain woman, herein referred to as the victim, to go as a passenger, by common carrier, in interstate commerce from Price, Utah, to Grand Junction, Colorado, in violation of 18 U.S.C.A. § 2422.[1] The case was tried to the court without a jury. It found the defendant guilty and sentenced him to be imprisoned for a term of two years and six months. The single question presented by this appeal is the sufficiency of the evidence to show that the victim traveled from Price, Utah, to Grand Junction, Colorado, as a passenger by common carrier.

■ An essential element of the offense denounced by Section 2422 is that the transportation be by common carrier. If the government fails to prove an essential element of a crime, the defendant is entitled to be acquitted. Christoffel v. United States, 338 U.S. 84, 69 S.Ct. 1447, 93 L.Ed. 1826; Minner v. United States, 10 Cir., 57 F.2d 506; Drossos v. United States, 8 Cir., 2 F.2d 538. The evidence shows that the victim was transported by means of a bus, but there was no direct proof that the bus was a common carrier. There was evidence that the defendant did not want to transport the victim across the state line, and that he told her to get information about travel by bus or train. She learned that the bus was the earliest mode of transportation available. They first planned that the victim would take the bus from Helper, Utah, but it was getting late and they decided that she would not have time to catch it at Helper so they went to the Continental Bus Depot in Price, Utah, where a round-trip ticket to Grand Junction, Colorado, was bought. The mode of transportation was to be on a Continental Bus which was late, and when it arrived she boarded it and rode it to Grand Junction, Colorado. Prior to leaving Price, the victim called the madam of a house in Grand Junction and told her that she would leave Price as soon as a bus or train left and to check the train and bus schedules so that she would know when she would arrive. Upon arriving at Grand Junction, the victim was met at the bus depot. When the victim did not get in touch with the madam in Grand Junction immediately upon her arrival, the madam called the defendant at Price, Utah, and he advised her that the victim had been seen boarding the eastbound bus. The defendant signed a statement in which he admitted that he had talked to the madam in Grand Junction by telephone, and upon being advised that the victim had not arrived in Grand Junction on the bus, had told her that he would check on the matter; and that he had then talked to the Chief of Police who told him that he had seen the victim taking an eastbound bus out of Price, Utah, around noon. These facts were all established by direct evidence. We think they are sufficient to sustain the finding of the trial court that Continental Bus Lines, which transported the victim, was a common carrier.[2] It

---

1. This section reads:
   "Whoever knowingly persuades, induces, entices, or coerces any woman or girl to go from one place to another in interstate or foreign commerce, or in the District of Columbia or in any Territory or Possession of the United States, for the purpose of prostitution or debauchery, or for any other immoral purpose, or with the intent and purpose on the part of such person that such woman or girl shall engage in the practice of prostitution or debauchery, or any other immoral practice, whether with or without her consent, and thereby knowingly causes such woman or girl to go and to be carried or transported as a passenger upon the line or route of any common carrier or carriers in interstate or foreign commerce, or in the District of Columbia or in any Territory or Possession of the United States, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

2. The trial judge recited these facts and then stated:
   "So, the Court feels under all the circumstances on the basis of the authorities I have indicated that it may properly take judicial notice of the fact * * * that by coming from Price, Utah, to Grand Junction by a Continental Bus that she went as a passenger by common car-

is elementary that the essential elements of a crime may be established by facts and circumstances without direct proof. 20 Am.Jur.Evidence, Sec. 273; Moffitt v. United States, 10 Cir., 154 F.2d 402, certiorari denied 328 U.S. 853, 66 S.Ct. 1343, 90 L.Ed. 1625; Thomas v. United States, 10 Cir., 154 F.2d 365; Scott v. United States, 10 Cir., 145 F.2d 405, certiorari denied 323 U.S. 801, 65 S.Ct. 561, 89 L.Ed. 639.

Judgment affirmed.

rier as alleged in the indictment." Obviously the court meant that it was inferring from the facts established by the evidence that the Continental Bus Lines was a common carrier.