**UNITED STATES of America,**
**Appellee,**

v.

**Sidney M. ROSS, Appellant.**

**No. 231, Docket 24866.**

United States Court of Appeals
Second Circuit.

Argued Feb. 4, 1958.

Decided July 2, 1958.

Daniel H. Greenberg, New York City (Max Fruchtman, New York City, on the brief), for appellant.

Robert Kirtland, Asst. U. S. Atty. for Southern District of New York, New York City (Paul W. Williams, U. S. Atty. for Southern District of New York, New York City, on the brief), for appellee.

Before MEDINA, WATERMAN and MOORE, Circuit Judges.

MEDINA, Circuit Judge.

Sidney Ross, the appellant, was frequently in the company of Nelda Bogart, a prostitute of the call girl variety. The indictment alleged violations of the Mann Act, 18 U.S.C. § 2421. The jury by direction of the trial judge acquitted appellant on the First and Second Counts, the Government consenting thereto because there was no evidence to support the charges therein contained, but found him guilty as charged in Counts Three and Four. As we find ourselves bound by precedent to hold the evidence insufficient to prove the commission of the crimes alleged in Counts Three and Four, we shall not discuss the various other points relied upon by appellant for reversal of the judgment.

It is alleged that on January 15 and 22, 1956, appellant knowingly transported Nelda Bogart for the purpose of prostitution "in interstate commerce from Newark, New Jersey to New York, New York."

While we think the prosecution wholly failed to prove that appellant received the avails of Nelda's employment, or that he was in any sense her manager or procurer, there was ample proof that she plied her trade regularly in New York City, first in one apartment and then in another. The jury could also have found —indeed, we do not see how they could do otherwise—that appellant rented an apartment at 425 Mount Prospect Avenue, Newark, New Jersey, which was occupied by appellant and Nelda over weekends and perhaps at other times as Mr. and Mrs. Ross. On the two weekends in January, 1956 they drove out to Newark Saturday afternoon and returned Sunday evening. Upon her return Nelda went back to her regular work. But it is clear beyond peradventure of doubt that appellant and Nelda considered these weekends as devoted to recreation and refreshment. These weekends were definitely not professional engagements, nor is it even suggested by the prosecution that appellant made any payments to Nelda for anything done by her or for

any services performed by her during these weekends ending on the two Sundays, January 15 and 22, 1956. Even if appellant had paid Nelda it would make no difference, as the charge is not that he took her to Newark for immoral purposes, but rather that he transported her from Newark to New York "for the purpose of prostitution."

As Nelda returned to her occupation as soon as appellant drove her from Newark to New York, and as he knew full well that she would do this, one might suppose that the violation of the Mann Act was clearly established. But the Supreme Court in an unbroken line of decisions on the precise point has held that the trip to and fro must be taken as a unit. It cannot be split up into two trips. If appellant and Nelda went to Newark for a weekend of recreation, the return trip cannot be separated from but remains an integral part of a single unitary undertaking. The lurid details which involve one or two other "girls," and what the witnesses are pleased to call a "prostitution party," have no bearing whatever on the specific, limited and simple charge against appellant in the Third and Fourth Counts of the indictment.

The leading case is Mortensen v. United States, 322 U.S. 369, 64 S.Ct. 1037, 1039, 88 L.Ed. 1331. The Mortensens ran a house of prostitution in Grand Island, Nebraska. One day they planned a trip to Salt Lake City for a short vacation. Two of the "girls" begged to be taken along with the result that the party of four spent several days going "to shows and around in the parks," having a good time. The "girls" were perfect ladies during the entire trip. But, when the Mortensens brought them back to Grand Island, they went right back to work in the same rooms in the Mortensen establishment they had previously occupied. It looked like a clear case; but the Supreme Court held no. The evidence was held not to "justify an arbitrary splitting of the round trip into two parts so as to permit an inference that the purpose of the drive to Salt Lake City was innocent while the purpose of the homeward journey to Grand Island was criminal" (322 U.S. at page 375, 64 S.Ct. at page 1041). See, also, Oriolo v. United States, 324 U.S. 824, 65 S.Ct. 683, 89 L.Ed. 1393, reversing the Third Circuit decision reported in 146 F.2d 152.

The judgment is reversed and the indictment dismissed.