Ann S. NUNNALLY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18729.

United States Court of Appeals
Fifth Circuit.

June 12, 1961.

206

L. H. Walden, Montgomery, Ala., John C. Walters, Troy, Ala., for appellant.

Hartwell Davis, U. S. Atty., Ira De-Ment, Asst. U. S. Atty., Montgomery, Ala., for appellee.

Before JONES and BROWN, Circuit Judges, and DE VANE, District Judge.

JOHN R. BROWN, Circuit Judge.

This appeal from a Mann Act conviction asserts directly two things. First, there was either insufficient evidence to show transportation by the specified common carrier, or at least there was a fatal variance between the allegation and proof. And second, there was insufficient evidence to show that the purpose of transportation was to engage in prostitution on arrival at destination. We reject these contentions and affirm.

Unlike the usual Mann Act case where conviction is based on either the act of transportation or the procurement of transportation of a person for immoral purposes under § 2421, this arises under § 2422. 18 U.S.C.A. § 2422. Of course it is the interstate transportation which makes the crime a federal one in both instances. But § 2422 punishes one who " * * * knowingly persuades, induces, entices, or coerces any woman * * * to go from one place to another in interstate * * * commerce * * * for the purpose of prostitution * * *, or with the intent and purpose on the part of such person that such woman * * * shall engage in * * * prostitution * * *" and as a consequence "thereby knowingly causes such woman * * * to be carried * * * as a passenger upon * * * any common carrier * * * in interstate * * * commerce * *," § 2422. The offense of causing transportation of a woman under § 2421 and the offense of inducing a woman to go in interstate commerce for immoral purposes under § 2422 constitute separate crimes. La Page v. United States, 8 Cir., 1945, 146 F.2d 536, at page 538, 156 A.L. R. 965; United States v. Saledonis, 2 Cir., 1938, 93 F.2d 302, at page 303; see also Wagner v. United States, 5 Cir., 1949, 171 F.2d 354, at pages 363, 364, certiorari denied 337 U.S. 944, 69 S.Ct. 1499, 93 L.Ed. 1747; Roark v. United States, 8 Cir., 1927, 17 F.2d 570, at page 573. Under § 2422 it is inducing the transportation for the immoral purpose that is the crime, rather than the fur-

nishing or procuring of the transportation as such. Hence, for example, it is not necessary to establish that the accused pay for or provide the transportation. See *United States v. Reed*, 2 Cir., 1938, 96 F.2d 785, at page 787, certiorari denied 305 U.S. 612, 59 S.Ct. 71, 83 L.Ed. 399.

■ That was the theory of the indictment and prosecution here. The evidence amply warranted the finding that the defendant maintained a house of prostitution in Montgomery, Alabama. The indictment, tracking substantially the language of the statute, asserted that she had induced Sherry to go from "Athens, Georgia to Montgomery, Alabama" so that defendant "thereby did knowingly cause" Sherry to be transported as a passenger upon the line of a common carrier "to-wit, the line and route of Southeastern Greyhound Lines * * *."

There was certainly enough evidence to support the finding implied by the verdict of guilty that defendant did induce Sherry to come to Montgomery. *Bell v. United States*, 8 Cir., 1958, 251 F.2d 490, at page 492. The defendant had one or more long distance telephone calls in which she urged Sherry to come, reassuring her on the general state of business. Sherry agreed to come, although some personal matters would delay her trip for a week or so. These personal plans made it impossible for her to accompany the man through whom defendant had first contacted Sherry by long distance. He traveled by bus from Georgia to Montgomery and on his arrival there he took up his abode at the defendant's house. In a few days Sherry likewise came to Montgomery. On her arrival she called defendant's house and the defendant sent her white Lincoln automobile to pick up Sherry. Sherry was met at the bus station which the witnesses described as the Greyhound Bus Station located near the Post Office and Court Building in Montgomery. Sherry had in her possession a bus ticket stub.

■ The defendant insists that the direct evidence showing that Sherry arrived by "Greyhound Bus" and got off the bus at the "Greyhound Bus Station" is insufficient proof that she traveled by common carrier on the "Southeastern Greyhound Lines," and that in any event there is such a variance that a new trial should be granted. The record shows that defendant's counsel was as indiscriminate in the use of these handy terms as were the witnesses. In one instance he referred to "Southeastern Greyhound bus" and in another to "Southeastern Greyhound Bus Line."

■ The record is quite adequate when the matter is tested in terms of the requirements of the substantial rights " * * * (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense * * * and (2) that he may be protected against another prosecution for the same offense. * * *." *Berger v. United States*, 1935, 295 U.S. 78, at page 82, 55 S.Ct. 629, at page 630, 79 L.Ed. 1314. The evidence was uncontradicted that Sherry had traveled by bus from Georgia to Alabama. Interstate buses are now, and have been for many years, subject to federal regulation as common carriers. 49 U.S.C.A. §§ 301–327. The variance was slight at most. And it is now " * * * true, * * * that however this technical variance might in times passed have operated to prevent the common sense disposition of an appeal in a criminal case, such considerations have no weight today, for both by statute and by decision it is settled in federal jurisprudence that a variance to constitute reversible error must be material and prejudicial." *Carothers v. United States*, 5 Cir., 1947, 161 F.2d 718, at page 720; F.R.Crim.P. 52(a), 18 U.S.C.A.

■ As in other criminal prosecutions the elements of this crime may be established by facts and circumstances without direct evidence. *Lindsey v. United States*, 5 Cir., 1955, 227 F.2d 113, at

page 116, certiorari denied 350 U.S. 1008, 76 S.Ct. 653, 100 L.Ed. 869. This record certainly warrants the inference that Sherry traveled by an interstate common carrier bus on the line or route of the Greyhound Company. That was enough. Politano v. United States, 10 Cir., 1955, 220 F.2d 217, at page 218; and see also Hoke v. United States, 1913, 227 U.S. 308, at page 324, 33 S.Ct. 281, at page 284, 57 L.Ed. 523.

■■ The second direct contention is that the proof shows that Sherry came to Montgomery, not to practice prostitution, but with the help of the defendant who promised to put in a good word to obtain employment as a strip dancer in a local club in Montgomery. She stresses Mortensen v. United States, 1944, 322 U.S. 369, 64 S.Ct. 1037, 88 L.Ed. 1331. Of course, prostitution or such immoral purpose need not be the sole motive for the interstate trip. It is sufficient if it is one of the principal purposes. Masse v. United States, 5 Cir., 1954, 210 F.2d 418, at page 421, certiorari denied 347 U.S. 962, 74 S.Ct. 711, 98 L.Ed. 1105; Bush v. United States, 9 Cir., 1959, 267 F.2d 483, at page 485; Harms v. United States, 4 Cir., 1959, 272 F.2d 478, at page 480, certiorari denied 361 U.S. 961, 80 S.Ct. 590, 4 L.Ed.2d 543. Sherry, while stating that there had been talk about defendant assisting in helping her obtain employment as a dancer, was categorical that defendant urged her to come to Alabama to ply the trade as a prostitute. This is, of course, what she did. The question of motive of the transportation was for the jury.

■■ Woven through these contentions is the further suggestion that the evidence was not sufficient to show that the defendant came within the statute as one who "thereby knowingly causes such woman * * * to be * * * transported as a passenger * * *", by a common carrier in interstate commerce. Bearing in mind that § 2422 does not deal directly with the specific act of transportation or procurement of transportation so that proof of payment or procurement is unnecessary, see United States v. Reed, 2 Cir., 1938, 96 F.2d 785, at page 787, the evidence was adequate. The evidence fully justified the inference that in making the inducement for Sherry to leave Georgia to come to Alabama to engage as a prostitute the defendant knew, or in prudence should have known, that interstate transportation by some common carrier would likely result and that in the ultimate transportation that had actually occurred. That is sufficient. It is the reasonable probability that common carrier facilities will be used followed by an actual use, even though not planned or specifically expected, which completes the crime. United States v. Saledonis, 2 Cir., 1937, 93 F.2d 302, at page 304. And, of course, this, as all other elements of the crime, may be established by circumstantial as well as direct evidence. Lindsey v. United States, supra, 227 F.2d 113, at page 116.

Affirmed.