**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**David L. NICHOL, Defendant-Appellant.**

**No. 14173.**

United States Court of Appeals
Seventh Circuit.

Oct. 10, 1963.

**634**

Norman S. London, St. Louis, Mo., for appellant.

Carl W. Feickert, U. S. Atty., Robert F. Quinn, Asst. U. S. Atty., E. St. Louis, Ill., for appellee.

Before DUFFY, SCHNACKENBERG and KILEY, Circuit Judges.

KILEY, Circuit Judge.

Defendant appeals from his conviction by a jury of a violation of the Mann Act [1] on August 14, 1961.

The issue is whether the verdict is justified upon evidence that defendant and his wife lived in Illinois; that defendant, on July 29, 1961, rented an apartment in Missouri for the purpose of having his wife engage in prostitution; that they lived in the Missouri apartment thereafter for that purpose; that subsequently they were in Illinois; and that on Monday, August 14, 1961, defendant's wife drove from Illinois to the Missouri apartment, accompanied by defendant in the rear seat, and by another man.

■■ On the issue we take the view of the evidence most favorable to the Government, and if there is substantial evidence to support the jury verdict it must be sustained. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), United States v. Nichols, 322 F.2d 681 (7th Cir., 1963).

■ Defendant argues that an essential element of proof is lacking because defendant was merely a passenger in the automobile on August 14, and that there was no evidence that he was responsible for the transportation for prostitution. The uncontradicted evidence establishes that the defendant set his wife up in prostitution in Missouri in July, and accompanied her on the trip from Illinois to Missouri on August 14. The purpose of the trip of August 14 reasonably may be inferred from that evidence to have been for the resumption of prostitution, Lindsey v. United States, 227 F.2d 113, 117 (5th Cir., 1955), and was enough for the jury's inference that he assisted in the arrangement for the return trip from Illinois. Wright v. United States, 175 F.2d 384 (8th Cir., 1949). Defendant should not escape the consequences by taking a back seat.

Defendant also argues that this was an "innocent round trip" so as to fall within the rule of Mortensen v. United States, 322 U.S. 369, 64 S.Ct. 1037, 88 L.Ed. 1331 (1944). There were no defense witnesses and no testimony to establish the "innocent" purpose of the trip in question. The Government proved the elements of its case by its proof of the establishment of the house of prostitution in Missouri and the transportation of defendant's wife from Illinois to the house of prostitution in Missouri on August 14, 1961. A babysitter gave testimony from which it could be inferred that defendant and his wife were in Illinois to visit their children living there. But there was no testimony that that was the purpose of the trip in question. There is no evidence to establish that the trip was innocent when it began, or that the trip of August 14 was an integral part of an innocent round trip. This lack of proof distinguishes Mortensen v. United States, 322 U.S. 369, 64 S.Ct. 1037, 88 L.Ed. 1331 (1944), Oriolo v. United States, 324 U.S. 824, 65 S.Ct. 683, 89 L.Ed. 1393 (1945), reversing 146 F.2d 152, 153 (3d Cir., 1944), and United States v. Ross, 257 F.2d 292 (2d Cir., 1958).

The conviction is affirmed.

---

[1]. 18 U.S.C. § 2421 provides so far as is material here:
"Whoever knowingly transports in interstate or foreign commerce * * * any woman or girl for the purpose of prostitution * * * Shall be fined not more than $5,000 nor imprisoned not more than five years, or both."