**Ben H. GREEN, Jr., Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 23089.**

United States Court of Appeals
Fifth Circuit.

Feb. 2, 1967.

Rehearing Denied March 7, 1967.

Crampton Harris, Harris & Esdale, Birmingham, Ala., for appellant, Robert G. Esdale, Birmingham, Ala., of counsel.

R. Macey Taylor, Asst. U. S. Atty., Birmingham, Ala., Macon L. Weaver, U. S. Atty., for appellee.

Before GEWIN and AINSWORTH, Circuit Judges, and HUNTER, District Judge.

PER CURIAM.

This is an appeal from the conviction and sentence of appellant on a one count indictment charging him with violation

of the White Slave Traffic Act, 18 U.S. C.A. § 2421.

The facts are simple. Sara was employed by appellant Green in September of 1962 as a waitress. Sara, at Green's request, regularly filled dates of prostitution until she left his employ in September of 1963. She then moved to Florida, but in early December of 1964 she made a trip to Birmingham and agreed with defendant to come back to work for him " * * * as a waitress and also to fill dates * * *." She wanted defendant to take her back to Panama City to "bring her things back." He agreed to do so, provided she would come back and work. With this understanding, appellant transported Sara to Panama City and back in his automobile. After returning, Sara resumed her activities as a prostitute. This she did with his active participation.

Appellant has limited his argument to an assertion that Mortensen v. United States,[1] is controlling and requires a reversal. That case involved a man and his wife (operators of a house of prostitution) who took two young prostitutes with them on their family vacation. The Court simply held that the purpose of the trip was not immoral, but was "to provide innocent recreation and a holiday."

This Court has consistently declined to extend the doctrine of *Mortensen* beyond its facts. Forrest v. United States, 363 F.2d 348, 5 Cir. (1966); Nunnally v. United States, 291 F.2d 205, 5 Cir. (1961); Masse v. United States, 210 F.2d 418, 5 Cir. (1954), cert. denied 347 U.S. 962, 74 S.Ct. 711, 98 L.Ed. 1105. Surely, we cannot do so under the facts of this case.

 The issue submitted to the jury was whether or not one of the dominant purposes of the admitted interstate transportation was for the purpose of prostitution. Having heard the evidence, the jury has resolved this issue of fact adversely to appellant. There is ample evidence to support the finding of the jury. The appellant was given a fair trial free of prejudicial error. He was ably represented by competent counsel, both at the trial and here. We are without any basis upon which to disturb either the verdict or the sentence.

Affirmed.

---

I. 322 U.S. 369, 64 S.Ct. 1037, 88 L.Ed. 1331.