**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ross KOTAKES, Defendant-Appellant.**

**No. 18489.**

United States Court of Appeals, Seventh Circuit.

March 11, 1971.

Rehearing Denied April 6, 1971.

Certiorari Denied June 14, 1971. See 91 S.Ct. 2230.

---

John Kappos, Gary, Ind., for defendant-appellant.

William C. Lee, U. S. Atty., John R. Wilks, Asst. U. S. Atty., Fort Wayne, Ind., for plaintiff-appellee.

Before HASTINGS, Senior Circuit Judge, and CUMMINGS and KERNER, Circuit Judges.

HASTINGS, Senior Circuit Judge.

Defendant Ross Kotakes was charged in a two-count indictment with violations of the Mann Act, Title 18, U.S.C. A. § 2421.[1] In Count I, defendant was charged with knowingly transporting in interstate commerce on January 7, 1968, from Gary, Indiana to Louisville, Kentucky, a woman for the purpose of prostitution, debauchery and other immoral purposes. In Count II, defendant was charged with transporting the same woman back from Louisville to Gary on January 12, 1968, for the same unlawful purposes.

Following a jury trial, defendant was found not guilty on Count I and guilty on Count II. The trial court denied defendant's motion for acquittal on Count

---

1. "§ 2421. Transportation generally
    "Whoever knowingly transports in interstate * * * commerce, * * * any woman or girl for the purpose of prostitution or debauchery, or for any other immoral purpose, * * *—
    "Shall be fined not more than $5,000 or imprisoned not more than five years, or both."

II, notwithstanding the jury verdict. Defendant was sentenced to imprisonment for two years [2] on judgment of conviction on Count II. He now appeals such judgment and sentence. We affirm.

Grounds asserted for reversal are (1) insufficiency of the evidence to sustain the verdict; (2) invalidity of the verdict as a matter of law; (3) erroneous instructions; and (4) unreasonable delay in commencement of the prosecution.

We have read the entire transcript of the testimony in the trial of this cause in order to determine whether the jury verdict of not guilty under Count I of the indictment, as a matter of law, precludes a guilty verdict under Count II. The district court, in a memorandum opinion, reviewed this question and denied defendant's motion for acquittal notwithstanding the verdict. We agree.

We need not outline the evidence in great detail. Viewing the evidence in the light most favorable to the Government, the jury would have been justified in finding the following narrative established beyond a reasonable doubt.

An 18 year old girl, Marian Chadwick, was transported from Michigan to Gary, Indiana by one Goff in December, 1967, for the purpose of prostitution. Defendant was the owner and operator of the Villardo Hotel in Gary. Goff first had Marian work for him as a prostitute at the Venus Cafe in Gary. She paid over to Goff all of the cash proceeds from her work. About December 23, 1969, Goff registered at the Villardo Hotel and took her with him for the same purpose. Goff had two other prostitutes working there for him, Ruth and Dee Dee. On coming to the Villardo Hotel, for a valuable money consideration paid to him by defendant, Goff transferred his working interest in Marian to defendant. At this time, defendant was living with his prostitute girl friend, Tina, at the Villardo Hotel. Defendant took Tina and Marian on a Christmas vacation trip to Las Vegas, Nevada. On their return, defendant had Marian working for him as a prostitute in the Villardo and took all of her earnings from this activity.

About January 7, 1968, defendant and Goff took their respective prostitutes to Louisville, Kentucky, for the sole and express purpose of working as prostitutes there during a Mobile Home Show convention. Defendant drove his Cadillac from Gary to Louisville and transported with him Tina and Marian, together with Goff and his call girls, Ruth and Dee Dee, and a gambler friend of defendant, John Montagano. The three men rode in the front seat and the four girls in the rear seat. Upon arrival in Louisville, defendant registered at a Holiday Inn motel for a room for himself and his two prostitutes. Goff did the same, and Montagano for himself. All of them were there until January 12, 1968. While there the prostitutes stayed at the motel and were engaged solely in plying their trade, paying their earnings to either defendant or Goff. Defendant paid all expenses for Marian on the trip to Louisville and while in Louisville. During his stay in Louisville, defendant spent some time at the Mobile Home Show and had some future interest in engaging in that business. The record is quite clear that Marian made the trip solely for the purpose of engaging in prostitution and not for vacation or other personal reasons.

On January 12, 1968, defendant drove the same party of seven persons from Louisville back to Gary and paid Marian's expenses. This return trip was made by defendant for the sole and express purpose of having Marian engage in prostitution at the Villardo Hotel in Gary, which she did along with the other girls, paying her earnings to defendant. This continued until about Febru-

---

2. The maximum sentence of two years was to be served with defendant eligible for parole at such time as the board of parole may determine. 18 U.S.C.A. § 4208(a)(2).

ary 14, 1968 when, for a valuable money consideration, defendant transferred Marian and her services to a third "pimp", one James Craft, and she left the Villardo with Craft. We see no need to detail certain corroborating evidence of the activities in Louisville and Gary.

Defendant testified in his own behalf and freely acknowledged Marian's work as a prostitute in Gary and Louisville, but denied that she ever worked for him or gave him her earnings as his prostitute. He testified and contended throughout the trial that his trip to Louisville was concerned solely with his interest in the Mobile Home Show. He denied that he paid Goff anything for Marian's services or that Craft paid him anything for them. In short, defendant testified that Marian's activities were voluntary on her part and that she either kept her earnings or paid them to someone else.

It becomes apparent that the jury exercised its prerogative and discredited defendant's testimony essential to establishing his defense to the charge in Count II. Credibility evaluations and determinations lie within the province of the trier of fact, the jury in this case.

Defendant urges reversal upon the holdings in Mortensen v. United States, 322 U.S. 369, 64 S.Ct. 1037, 88 L.Ed. 1331 (1944) and United States v. Ross, 2 Cir., 257 F.2d 292 (1958). Such reliance is misplaced because each case is readily distinguishable on its facts.

In *Mortensen*, petitioners, a man and wife, operated a house of prostitution in Nebraska. They took two girls, who had been living at their house as prostitutes, with them on a trip to Utah, which was planned and consummated purely as a vacation. Upon their return, the girls resumed prostitution at petitioners' house. The Court, in reversing the judgment of conviction, stated at page 377 of 322 U.S., at page 1041 of 64 S.Ct.: "To punish those who transport inmates of a house of prostitution on an innocent vacation trip in no way related to the practice of their commercial vice is consistent neither with the purpose

nor with the language of the Act." The Court held that a conviction of petitioners for transporting the girls from Utah to Nebraska, the return trip, for the purpose of prostitution or debauchery, in violation of § 2 (§ 2421, *supra*) of the Mann Act, was not supported by any relevant evidence.

In *Ross*, defendant transported a prostitute from New York to New Jersey for a weekend of recreation and while there she did not engage in professional activities. Defendant then returned her from New Jersey to New York where she resumed her work as a prostitute. A conviction of defendant for a § 2421 violation of the Mann Act was reversed on the authority of *Mortensen*.

In our judgment, these two cases are limited to their facts and are inapposite here. See, United States v. Eddington, 7 Cir., 328 F.2d 760, 763 (1964); United States v. Nichol, 7 Cir., 323 F.2d 633, 634 (1963); Dunn v. United States, 5 Cir., 318 F.2d 89, 92 (1963). In the case at bar, as the district court observed in denying the motion for acquittal notwithstanding the verdict, "there" was considerable evidence indicating that the trip to Louisville was anything but an innocent vacation, and that the prostitute's return to Gary and subsequent acts of prostitution were under the compulsion of the defendant." We agree. See, Green v. United States, 5 Cir., 372 F.2d 446 (1967); United States v. Bennett, 4 Cir., 364 F.2d 77 (1966).

Why the jury found defendant not guilty on Count I is immaterial and irrelevant and any answer to this question would be pure speculation. We need not hazard a guess on what was in the minds of the jurors, however interesting such speculation might prove.

██ With further reference to defendant's claim that his trip to Louisville was for mobile home business purposes, it is well settled that to sustain a conviction under the Mann Act it is not necessary that the sole purpose of the

transportation be for immoral purposes, it being sufficient if it was a dominant or an efficient and compelling purpose. Forrest v. United States, 5 Cir., 363 F. 2d 348, 349–351 (1966), and cases therein cited.

In view of the foregoing, we conclude and hold that the evidence here was sufficient to sustain the conviction under Count II of the indictment, and that such conviction was valid as a matter of law.

■ ■ Defendant charges the trial court erred in giving to the jury, over objection, the court's instruction No. 17 and in modifying defendant's tendered instruction No. 5. The court's instruction No. 17,[3] as set out in the margin, is a correct statement of the law concerning the dominant purpose doctrine consistent with this opinion. The modification of defendant's instruction No. 5 was merely the addition of the words "with its own illegal purpose" and was a proper clarification of the tendered instruction.[4] No authority is cited by defendant and we find no error in giving either of these instructions. Reading the instructions as a whole reveals that the jury was fully and properly instructed in this case.

■ Finally, defendant charges that the trial court prejudicially erred in denying his motion to dismiss the indictment because of the Government's unreasonable delay in commencing this prosecution. Although not cited by de-

fendant, the motion is obviously grounded on Rule 48(b), Federal Rules of Criminal Procedure, Title 18, U.S.C.A.[5] Defendant asserts the alleged violation occurred in January, 1968 and that the indictment was not filed until October 15, 1969. He argues this delay of 21 months was clearly prejudicial. The trial court held a preliminary hearing on the motion to dismiss, filed a memorandum decision and denied the motion. A transcript of the hearing is not in the record before us on appeal. We have carefully reviewed the meticulous detail of the circumstances surrounding the investigation of this violation and the resulting delay until the October, 1969 session of the grand jury, as outlined by the learned trial court in its memorandum. We agree with the court that there was no showing the Government's delay was "unnecessary" and that defendant made no adequate showing of resulting prejudice. United States v. Hauff, 7 Cir., 395 F.2d 555 (1968); United States v. Deloney, 7 Cir., 389 F. 2d 324 (1968). We find Senior Circuit Judge Duffy's reasoning in *Hauff* and *Deloney* and the rule announced there to be controlling. See, United States ex rel. Von Cseh v. Fay, 2 Cir., 313 F.2d 620, 623 (1963); Harlow v. United States, 5 Cir., 301 F.2d 361, 366 (1962). We hold the trial court did not err in denying the motion to dismiss.

For the foregoing reasons, the judgment of conviction and sentence on appeal will be affirmed.

Affirmed.

---

3. "Court's Instruction No. 17
   "If you find from the evidence, beyond a reasonable doubt, that the defendant had two purposes in traveling in interstate commerce, one of which was legal and one of which was illegal, the fact that one purpose was legal would be no defense to the illegal purpose. If, on the other hand, you find that the defendant had only one dominant purpose, and that purpose was legal, then you must find him not guilty."

4. "Defendant's Instruction #5
   "If you find from the evidence that the trip from Louisville, Kentucky to Gary, Indiana was not a distinct enterprise *with its own illegal purpose*, but

rather a return transportation to the point of origin, that is to say, Gary, Indiana, then you must find the defendant not guilty as to ["that count," deleted] *Count II*." (Words in italics and modification of last two words were added by the trial court.)

5. "Rule 48. Dismissal
   \*    \*    \*    \*    \*
   "(b) *By Court.* If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint."